## WAKELEY vs. NICHOLAS.

Where the person to be served with a summons by publication was an American, and the officer making the order for its publication, directed that it be published in a German newspaper, and the summons was published therein, in the English language, the requisite period of time. *Held*, that such publication was a sufficient service of the summons and that sec. 10, chap. 124, R. S., vests in the officer granting the order a discretion, to determine in what paper the publication of the summons will be most likely to give notice to the defendant.

In an action under chap. 22, Laws 1859, to bar the rights of a former owner of lands sold and deeded for the non-payment of taxes, an answer which merely denies the validity of the taxes for which the land was sold, or that any thing was due thereon for taxes at the time of the sale, and denies the title of the plaintiff, is not sufficient, but it should allege facts, showing specifically the particular grounds upon which the defendant relies to avoid the tax deed.

Where the answer in such action does not state any facts impeaching the equity or justice of the tax for which the land was sold, but alleges only technical defects and irregularities in the proceedings; the defendant must as a condition of interposing such defense, make the deposit required by sec. 38, chap. 22, Laws of 1859.

The intention of sec. 38, chap. 22, Laws of 1859, was to cut off all defenses against a tax deed in such action, resting merely on technical grounds or irregularities in the proceedings, not affecting the ground work or substantial justice of the tax, unless such deposit is made, and to compel payment of taxes in all cases where equity and fair dealing require that they should not be avoided, and this provision of the law is constitutional.

APPEAL from the Circuit Court for *Dane* County.

Action under Chap. 22, laws of 1859, for the purpose of barring the former owner of all right in the land described

in the complaint. Under R. S. chap. 124, sec. 10, the circuit judge made an order directing that service of the summons be made by publishing the same in the " Wisconsin Deutsche Zeitung," a weekly newspaper published in the city of Madison, in said county, once in each week for six successive weeks, or that personal service of a copy of the summons and complaint be made on the defendant. Proof of publication of the summons was filed; and upon evidence produced on the part of the plaintiff, judgment was rendered on the 8th day of January 1862 by default, barring the defendant *Nicholas* and those claiming under him, after the commencement of the action, from all right, title, interest or claim in and to the land in question, &c. On the 23d day of April, 1862, upon the affidavit of E. M. Williamson, and a proposed answer to the complaint, the defendant applied to the court to open the default of the defendant and set aside the judgment and allow a proposed answer to be filed ; and on the ground of irregularity in entering the judgment, in that the summons was published in a paper printed it the German language. The affidavit of Williamson, stated that he had been doing business as a land agent in the city of Madison for a great number of years, and that he had been the agent of the defendant *Nicholas* for about fifteen years; that the defendant had, and still owned large tracts of land in Dane county, and as appears from papers on file in this case was the owner of 3540 acres of land in the town where the premises in question are situated, that the only service of the summons in the action was by publication in the " Wisconsin Zeitung," a German newspaper published at Madison, and that the defendant had no knowledge of the commencement of the action, until after the entry of judgment therein ; that the order for publication made in the action did not provide for sending a copy of the complaint to the defendant, and that the deponent verily believed that the order was published in said paper to avoid observation, and was signed by the circuit judge without his being informed of its contents ; that the defendant is

an American, and that deponent makes this affidavit on his behalf. Deponent stated, (in the usual form,) that the defendant had a meritorious defense to the action.

The answer denied that the taxes mentioned in the complaint were duly and legally assessed, or that there was due on said land for taxes at the time of the sale mentioned the sum of $9.43, and also denied that the plaintiff was the owner of the land or entitled to possession thereof, but admitted that the defendant at the time of the tax sale was the owner thereof, and that he was the only person claiming any interest therein adverse to the plaintiff, and averred that as to the other matters and things, set forth in the complaint, the defendant had no knowledge or information sufficient to form a belief. The answer alleged the intentional omission of railroad property of the value of $35,000, belonging to the Milwaukee & Mississippi company situated in the same town as the premises in question, from assessment and taxation for the year for which the taxes were assessed and levied, for the non-payment of which the land in question was sold, and it was claimed that the tax sale was therefore void. The summons was published in a German newspaper as stated in the affidavit of Williamson, but in the English language. The defendant did not make the deposit required by sec. 38, ch. 22, laws 1859. The plaintiff's attorney made and read an affidavit in opposition to the application, stating that he being a German, designated the only German paper in Madison and to which he was a subscriber, as the paper for the publication of the summons, because he preferred to give it his patronage and encouragement and because he had business dealings with its publishers, and that the summons was not published in it, in order to avoid observation, and that the plaintiff told him it was immaterial to him what paper it was published in. At the hearing of this application, the court decided that the judgment should be set aside and the defendant allowed to answer. The plaintiff's counsel objected to the defendant filing his

proposed answer, because the defendant had.not paid nor tendered, nor deposited with the clerk of the court for the use of the plaintiff, the sum for which the land mentioned in the complaint and answer was sold, nor any part thereof, nor offered to pay any part of the costs and disbursements in the action, which objection the court overruled, and decided that such payment, tender, deposit or offer was unnecessary. The court then made an order reciting that the judgment was set aside for irregularity, in publishing the summons in a German newspaper, allowing the defendant to file and serve his proposed answer, and from this order the plaintiff appealed.

*Wakeleys & Vilas*, for appellant.

1. As to the regularity of the publication of the summons, they cited *Kellogg vs. The City of Oshkosh*, 14 Wis., 623. 2. The court erred in setting aside the judgment, and allowing the answer to be filed without a deposit having been made by the defendant, according to § 38, ch., 22, Laws 1859. 3. Chap. 22, Laws 1859, is not unconstitutional. The principle of this law has been repeatedly sustained by the courts of other states, where similar statutes existed. *Atkins vs. Hinman*, 2 Gilm., 453; *Lusk vs. Harker*, 3 Gilm., 160; *Curry vs. Hinman*, 11 Ill., 427; *Spellman vs. Curtenius*, 12 Ill., 411; *Hope vs. Sawyer*, 14 Ill., 254; Code Iowa, 1857, p. 88, secs. 505–6; Dillon's Dig. Iowa Rep., 763; *Byington vs. Rider*, 9 Iowa, 566; *Creigh vs. Wilson*, 1 Serg. & R., 38; *Coney vs. Owen*, 6 Watts, 435; *Stewart vs. Shoenfelt*, 13 Serg. & R., 370; *Gilmore vs. Thompson*, 3 Watts, 106.

*J. C. Hopkins*, for respondent.

1. The statute (R. S., ch. 124, sec. 10, sub. 5,) requires the publication of the summons in some paper "most likely to give notice to the defendant." In this case, the person to be served was an American, and all legal proceedings are required to be in the English language. A publication of the summons in a paper printed in a foreign language, should be held to be a nullity. 2. There was an affidavit of merits and a

sworn answer, and the application was made within one year after the rendition of judgment, and it was therefore properly granted. R. S., ch. 124, sec. 10, sub. 5. 3. The question whether the defendant could file an answer without making a deposit under sec. 38, ch. 22, Laws 1859, is not before the court, as nothing of the kind entered into the determination of the court below. The judgment was set aside for irregularity. 4. The provision of the act of 1859, requiring such deposit to be made, is unconstitutional.

*By the Court*, DIXON, C. J. Upon affidavit, as prescribed by statute, the court or a judge thereof, or a court commissioner, may grant an order that the service of the summons be made by publication. R. S., ch. 124, sec. 10. "The order shall direct the publication to be made in one newspaper, to be designated as most likely to give notice to the person to be served, and for such time as shall be deemed reasonable, not less than once a week for six weeks," &c. Id. If the circuit judge who granted the order in this case, in the exercise of the discretion vested in him by the statute, directed publication in a German instead of an English newspaper, as being *most likely to give notice to the person intended to be served*, we see no legal objection to it. *Kellogg vs. Oshkosh*, 14 Wis., 623. The publication was in the English, not the German language, so that no exception can be taken to it on that ground. Liberty to file the answer was part of the relief demanded by the motion to set aside the judgment, so that whether the answer should have been received without the deposit required by sec. 38, ch. 22, Laws of 1859, is a question fairly presented by the appeal. We think the answer in this respect defective, and that the court was in error in not rejecting it for want of the deposit. It is clear that the answer does not make a case in which no deposit is required by the the terms of the act. It does not show that the land was not liable to taxation, nor that the tax was paid before sale, nor that the deed was never exe-

cuted by the clerk of the board of supervisors. If we reject the allegation of the omission of the railroad property from the assessment roll, as we must under *Kneeland vs. Milwaukee*, 15 Wis., 454, 691, the defense stands upon irregularities merely ; nothing being shown against the equity of the tax, and the substantial correctness of the proceedings. The act itself, same section, declares as a rule of pleading, that "no answer merely alleging the defendant's title, or denying the plaintiff's title to the lands described in such complaint or any part or parcel thereof, or which merely alleges that the conveyance to the plaintiff is void, shall be a sufficient answer, but every answer shall state specifically the grounds on which the defendant or defendants rely for avoiding the conveyance of the plaintiff. Aside from the allegation as to the railroad property, the defendant by the answer, denies that the taxes "were duly and legally assessed ; and denies that there was due on said land for taxes, at the time of the sale therein mentioned, the sum of nine and 43–100 dollars." He further "denies that the plaintiff is the owner of said lands," and avers the title in himself. This is not good pleading within the require ments of the act. The answer is entirely destitute of facts showing *specifically the grounds upon which the defendant relies for avoiding the conveyance to the plaintiff.* Besides, the denial that the taxes were duly and legally assessed, and that the sum of $9.40 was due, by implication admits the liability of the land to taxation, that it was taxed, and that the taxes were not paid. But the chief objection to the answer is, that it states no facts impeaching the equity or justice of the tax. If some technical error or omission should be found in the assessment, not affecting a substantial right, or if only the sum of $9.39 instead of $9.40 should be found due, a court of equity would not for these reasons annul the proceedings. We have no doubt that it is competent for the legislature to declare that the same rule shall be applied in all courts, so far at least, as to require the deposit or payment of the taxes equitably

due, before the delinquent tax-payer shall be permitted to avail himself of such irregularities or omissions in defense of an action brought against him. Such seems to be the scope and object of the act. It is to cut off all merely technical defenses, not going to the ground work and justice of the proceedings, and to compel payment of taxes in all cases where equity and fair dealing require that they should not be avoided. Without a statement of facts showing that the demand made upon the defendant is inequitable and unjust, we must presume that the defense relied upon, and so vaguely shadowed forth in the answer, is merely technical and evasive, and therefore the answer must be rejected.

With this understanding of the act and of the effect to be given to it, it ceases to be the means of such oppression and injustice as the counsel for the defendant seems to suppose. It does not destroy the remedy of the defendant for any wrong or injustice which he may actually have received; nor compel him to purchase justice, except at the expense of doing justice himself.

That the legislature has seen fit to apply so benign and correct a principle to actions of this kind, is certainly no good ground of complaint, as it is manifestly no infringement of the constitution.

Order reversed, and cause remanded for further proceedings according to law.