## SMITH VS. SMITH, impleaded with others.

The intentional omission of taxable property by the assessor, materially affecting the equality of taxation, and increasing the burden of the party complaining, will void the tax; but the unintentional omission of such property by the officer attempting in good faith to carry out the requisitions of the law, will not.

The legislature has power to prescribe the forms of tax proceedings, and, in matters of form, may declare what steps shall or shall not be essential to the validity of a tax sale or tax deed.

The provisions of ch. 22, Laws of 1859, requiring the defendant in an action by a tax title claimant under that act, to make a deposit in certain cases, are valid. *Wakeley v. Nicholas*, 16 Wis., 588, followed.

In such cases it is not sufficient that the answer alleges a deposit, but there must be proof and a finding of the fact, to sustain a judgment for the defendant.

An allegation in the complaint that the defendant has or claims an interest, &c. does not relieve him from proving that it is a *redeemable* interest; and the evidence must be the same as in other cases of disputed title. DIXON, C. J., dissents.

APPEAL from the Circuit Court for *Winnebago* County.

Action by tax title claimant, under chap. 22, Laws of 1859, commenced Sept. 15th, 1863. The complaint contains in tabular form a list of the lands on which plaintiff alleges that he has taken tax deeds, and to which he seeks to quiet the title &c., and opposite such description, the date of the tax sale, the amount for which the tract was sold, the amount paid for deed &c., and the "*names of former owners and of those claiming under them;*" and all the persons whose names are there

given are made defendants. Opposite two of the tracts (be-
ing lot 14, bl. 1, and lot 6, bl. 2, in the village of Menasha) the
two first names in the list are *Elbridge Smith* and *Caroline J.
Smith.* Said lots were sold April 10th, 1860, and the deed taken
and recorded April 15th, 1863. The defendant *Caroline J.
Smith* answered separately, first by a general denial; and as a
further answer, alleges that at the time the tax deed was issued
she was, and for a long time previous had been, and still is, the
owner in fee simple of the two lots above mentioned ; that she
is a married woman, and was so at the time said tax deed was
executed, and at the time of the tax sale, and that the time for
her to redeem said lots from said sale has not yet expired. As
a third defense, said defendant alleges various irregularities in
the tax proceedings, the nature of which will appear from the
findings of the circuit judge, as hereinafter stated. The an-
swer then alleges that the defendant has deposited with the
clerk of said court the amount required by law for the redemp-
tion of the undivided half of said lot fourteen, and is ready to
pay such portion of the costs and disbursements in this action
as shall be just and reasonable. Prayer, that plaintiff be ad-
judged to release to defendant all his right and claim under
his tax deed to the lots in question, &c.

On the trial, defendant objected to the introduction of any
evidence for the plaintiff, on the ground that the complaint did
not state a cause of action, and that ch. 22, Laws of 1859, was
unconstitutional. Objection overruled. After the plaintiff
had made a *prima facie* case, *Elbridge Smith,* as a witness for
*Caroline J. Smith,* testified that she was, and for six years or
more had been a married woman, and that she was his wife.
*Question* : " What interest has she now in the property in dis-
pute?" Objection by plaintiff overruled. *Answer*: "She owns
the undivided half of lot 14 in fee simple, and has owned it
since November 26th, 1860; she has owned lot 6 since the
26th of March, 1861, till May last, when she sold it, and has a
mortgage interest in it." The defendant then introduced evi-

dence tending to prove the alleged irregularities in the tax proceedings.

The court found the issue of the tax deed to plaintiff &c., as alleged in the complaint, and also found the facts as to *Caroline J. Smith's* coverture, and her ownership of said lots 6 and 14, as alleged in the answer. As to the alleged irregularities in the tax deed it found as follows: " 1. *Elbridge Smith* was the resident holder of said lots in the spring and summer of 1859, when they were assessed, and the assessor did not leave with him a written or printed notice informing him of the aggregate valuation which he had put upon said lots. 2. The papers in the office of the town clerk furnish no evidence that a notice was given by the town clerk of the town of Menasha, for the year 1859, of the meeting of the town board of equalization, to equalize taxes. 3. The assessor of the town of Menasha, for the year 1859, did not make his return of real property to the clerk of the board of supervisors until the 9th day of July; he did not sign the return or in any manner authenticate the returns of the lands in the book or roll which contained the description of the lots in issue, that book or roll being a separate and distinct roll from the one in which he purports to make an affidavit of his return. 4. Said assessor did not sign any return of real property to the clerk of the board, and did not sign the affidavit to said return, officially. 5. The affidavit to the returns of the assessor had no venue. 6. The parcels of land involved were assessed in that year, 1859, to *Elbridge Smith*, who was then the owner of the same, and so appeared in the assessment roll of the town of Menasha, and the copy of said roll placed in the hands of the treasurer of the town, with the warrant of the town clerk attached, authorizing and requiring said treasurer to collect the taxes therein contained. 7. Said *Elbridge Smith* had personal property, from which said taxes might have been collected by distress and sale of said property during the time said roll and warrant were in the hands of said treasurer for collection of taxes. 8.

Said assessor made no returns of personal property for that year to the clerk of the board of supervisors, as required by sec. 39 of chap. 167, Laws of 1859, and made no affidavit of any returns of personal property, and filed no statements of the listing of personal property, with the clerk of the board of supervisors of said county, as required by said section 39.   9. The assessment roll of said town of Menasha was not delivered to the town clerk of said town till November 28th, or after, and a copy of the roll, with warrant of town clerk, was not delivered to town treasurer until December 21st, or after.   10. The town treasurer did not sign any returns of delinquent taxes on the lands in question in this issue, or any other lands, to the county treasurer, and did not sign officially any affidavit of any returns, and the affidavit attached to said returns does not appear, either in the body of the same or the signature, to be the act or affidavit of the returns of the treasurer of said town, and the statement purporting to be an affidavit has no venue." On these facts the court held that *Caroline J. Smith* had a right to redeem the lots from the tax sale, which right would not expire until April 10th, 1865, and that she was entitled to judgment as demanded in her answer.   Judgment accordingly; from which the plaintiff appealed.

*Anson Ballard* and *Whittemore & Weisbrod,* for appellant, contended, among other things, that the evidence as to the nature of the respondent's interest in the lots in dispute, was not the best evidence, but the deeds to her should have been introduced.   2. A married woman has not *five* years after a tax sale for the redemption of lands in which she had no interest *at the time of sale.*   Secs. 20, 47, ch. 22, Laws of 1859. 3. If she has such a right, it does not apply to lands in which she holds a mere mortgage interest.   4. Even if the respondent has still a right to redeem both lots, still the plaintiff may maintain his action, and obtain a judgment protecting the right of redemption.   Sec. 47 of the chapter under which the action is brought, provides for the discontinuance of the action

only in the case of a minor.  *Expressio unius, exclusio alterius.*
5. There is neither evidence nor finding of the fact that the
respondent has made the required deposit.  The irregularities
in the tax proceedings cannot therefore be considered.  6. The
findings as to respondent's right to redeem &c., do not support
the judgment, which upon those findings should merely have
been one of dismissal.

*Elbridge Smith, contra,* as to respondent's right to redeem at
any time within five years after the sale, cited sec. 20, ch. 22,
Laws of 1859; Blackwell on Tax Titles, 496 *et seq.*; 10 Peters,
1; *Jones v. Collins,* 16 Wis., 594.  As to the tax sale being
rendered void by the irregularities in the tax proceedings, he
cited R. S., ch. 18, secs. 61, 71, 75, 93 ; Blackwell on Tax Titles,
chaps. 8, 9, pp. 172, 176, 205–10, 345; id., pp. 80 *et seq.,* 112 *et
seq.*; *Jackson v. Shepard,* 7 Cow., 91; *Sales v. Avis,* 12 Ala.,
617 ; *Gouverneur v. New York,* 2 Paige, 434; *Parker v. Reed,*
9 Cranch, 64; *Fletcher v. Powell,* 6 Wheat., 119; 7 Hill, 177;
4 Denio, 71 ; 17 Wis., 556; 12 Vt., 668.  The proper judgment
was entered.  Sec. 45, ch. 22, Laws of 1859.


*By the Court,* DIXON, C. J.  The intentional omission o$^f$
taxable property by the assessor, materially affecting the equal-
ity of taxation and increasing the burden of the party com-
plaining, will avoid the tax; but the unintentional omission
of such property by the officer attempting in good faith to car-
ry out the requisitions of the law, will not.  *Weeks v. Milwau-
kee Co.,* 10 Wis., 263; *Hersey v. Supervisors of Milwaukee Co.,*
16 id., 185 ; *Dean v. Gleason,* 16 Wis., 1.  In this case the omis-
sions may fairly be regarded as the result of mistake or acci-
dent.  There is no evidence of bad faith or that the property
was purposely omitted.  The payment of the taxes cannot,
therefore, be avoided on this ground.  The other objections go
merely to the form of the proceedings.  They do not affect
the ground work of the taxes, or show that they are necessa-
rily inequitable or unjust.  *Mills v. Gleason,* 11 Wis., 496 ;

*Warden v. Supervisors of Fond du Lac Co.*, 14 Wis., 618 ; *Kellogg v. Oshkosh*, id., 629 ; *Miltimore v. Rock Co.*, 15 Wis., 9 ; *Mills v. Johnson*, 17 Wis., 601. The legislature have power to prescribe the form of proceedings in the assessment and collection of taxes, and, in matters of form, may declare what steps shall or shall not be essential to the validity of a tax sale or tax deed. *Smith v. Cleveland*, 17 Wis., 556. In *Wakeley v. Nicholas*, 16 Wis., 588, we held that the provisions of chapter 22, Laws of 1857, requiring a deposit &c., were but the application of equitable principles to actions brought under that act. This is such an action, and the defendant has made no deposit. At least the record shows none. She avers a deposit in her answer, but it is not proved. Assuming then her right to redeem within five years, which we do not decide, the judgment must be reversed for this reason. She has not shown the taxes to be unjust and void in equity, nor any conditions of the act in which a deposit is not required, and she has shown no deposit ; which last she must do before she can prevail in her defense, where the former grounds of objection do not exist.

There is another reason for holding the judgment erroneous. *Mrs. Smith's* proof of title is defective. It was by parol, was objected to and was clearly incompetent. Her counsel also relies on the allegation of the complaint that she owns an interest. But whether it is a redeemable interest or not does not appear aside from the parol proof. It may be a contingent right of dower, dependent on her surviving her husband, in which case her right of redemption is very doubtful. My brethren think, therefore, that she should have introduced her paper title, and until she has done so and shown that she has a redeemable interest, they decline to determine whether the five years' redemption clause is applicable to the case or not. For myself, I doubt whether she was obliged to give any proof of title. In actions of this nature, I am not clear that the interest averred in the complaint is not to be understood as a

redeemable interest.    Such is the theory of the action, which is commenced to cut off the right of redemption of the defendants; and if they have no redeemable interest, it would seem that they could not properly be made parties.

Judgment reversed, and cause remanded for further proceedings according to law.