FINNEY vs. ACKERMAN and another.

TAX DEEDS, *issued by municipal officers.—Ch.* 523, *Laws of* 1865, *not retrospective.*

1. Statutes are not to be construed as having a retrospective effect, unless that intention is clearly expressed in them; and mere general language capable of such construction is not sufficient.

2. Ch. 523, Laws of 1865, extending the remedy provided by ch. 22, Laws of 1859, to persons claiming lands under tax deeds executed by the treasurer of any city or incorporated village, does not apply to the case of a deed executed before said ch. 523 took effect.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action by the holder of tax deeds of lots in the city of Oshkosh, to establish his title. The second and third causes of action alleged, were based upon tax deeds executed by the treasurer of said city in April, 1863. A demurrer to these counts as not stating a cause of action, was overruled; and the defendants appealed.

*J. Ware,* for appellants, to the point that statutes are not construed as having a retrospective effect unless they so expressly provide, cited 7 Johns., 499; *Butler v. Palmer*, 1 Hill, 325; *Johnson v. Burrell,* 2 id., 238; *Berley v. Rampacher,* 5 Duer, 183; *State v. Atwood,* 11 Wis., 422. This is true of amendatory acts. *Ely v. Holton,* 15 N. Y., 595; *People v. Curnal,* 2 Seld., 463; *Dash v. Van Kleeck,* 7 Johns., 477; *Butler v. Palmer,* 1 Hill, 333–4.

*Hooper & Bailey,* for respondent, argued that the few cases in which city charters provided for the sale of lands by cities, for city taxes, were within the reasons of the law and the intention of the legislature, though overlooked in the passage of the law of 1859; but that this defect was designed to be remedied by sec. 2, ch. 138, Laws of 1861, as amended by ch. 277, Laws of 1861. 2. Sec. 2, ch. 163, Laws of 1860, provides that all general laws of the state relative to the assessment and collection of taxes shall be in force in the city of Oshkosh. Laws providing for the foreclosure of tax deeds come under this description, in the view of the legislature. See title to ch. 15, R. S., 1849, and ch. 18, R. S. 1858. 3. The plaintiff relies also upon ch. 523, Laws of 1865.

COLE, J. In *Grimmer v. Sumner*, [*ante,* p. 179], it was held that the special remedy given by chap. 22, Laws of 1859, even

as amended by chaps. 138 and 277, Laws of 1861, to bar the interest of the original owner in lands sold for taxes, did not apply to a tax deed made and executed by the officers of a municipal corporation. The ruling in that case is decisive of the questions presented on the demurrer here.

Both the deeds mentioned in the second and third paragraphs of the complaint were executed by the treasurer of the city of Oshkosh in April, 1863. This action, however, was not commenced until July, 1865, after chapter 523, Laws of 1865, took effect; and the question is, Can this law properly be construed as giving the remedy of the law of 1859 to tax deeds executed by the officers of municipal corporations previous to its going into operation? In other words, is the law of 1865 retrospective in its character, or does it only give the special remedy upon such tax deeds as may be executed by the treasurer of an incorporated city or village after its passage? There is language used in the law of 1865, which, in its broad general sense, might perhaps be held to apply to tax deeds of municipal corporations previously executed. It declares that the " grantee named in *any deed*" made by " the treasurer of *any incorporated city* or village on the sale of lands for the non-payment of taxes," " *may, at any time within three years after the date of such conveyance, commence an action*," &c. This language must, however, be construed as applying to deeds executed after the passage of the law. For the rule is well settled, that statutes are not to be construed as having a retrospective effect unless the intention of the legislature is clearly expressed that they shall so operate. *Seamans v. Carter*, 15 Wis., 548. "That intention is not to be assumed from the mere fact that general language is used which might include past transactions as well as future. Statutes are frequently drawn in such a manner. Yet such general language is held to have been used in view of the established rule that statutes are construed as relating to future transactions, and not to past." This is the

language of Mr. Justice PAINE in the above case; and there can be no doubt that it is fully in harmony with the authorities upon this subject.

We think the law of 1865 must be construed as having only a prospective operation.

It follows from these views, that the order of the circuit court overruling the demurrer to the second and third causes of action stated in the complaint, must be reversed, and the cause remanded for further proceedings.

*By the Court.*—Ordered accordingly.