## Case No. 6,359.

### HENDY v. SOULE.

[1 Deady, 400.] 1

Circuit Court, D. California. March 15, 1868.

INTERNAL REVENUE—APPEAL—INVOLUNTARY PAYMENT—LIABILITY UNDER ACT OF JULY 13, 1866.

1. Section 19 of the act of July 13, 1866 (14 Stat. 152), declared that no suit should be maintained for the recovery of any tax illegally assessed or collected until after an appeal to the commissioner of internal revenue: *Held*, that in an action against a collector to recover a tax alleged to have been so assessed and collected,

1 [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

a failure by the plaintiff to take such appeal must be pleaded by the defendant in abatement of the action, and unless it is, he will be deemed to have waived the objection.

2. When taxes are paid on the demand of an officer having authority to collect them by distraint, there is sufficient duress of the property to make the payment involuntary.

[Cited in Balfour v. City of Portland, 28 Fed. 739.]

[Cited in Stephan v. Daniels, 27 Ohio St. 540; Westlake v. City of St. Louis, 77 Mo. 49.]

3. The plaintiff was the owner of a patent for the exclusive manufacture and sale of a certain "concentrator," and employed others to construct the machines for him at so much apiece, and then sold them at about 100 per centum advance on the price paid for their construction: *Held*, that under sections 79 and 86 of the act of July 13, 1866 (14 Stat. 119, 122), the plaintiff was the manufacturer of such machines and liable for a tax upon the sum realized by the sale of them.

[This was an action at law by Joshua Hendy against Frank Soule, a collector of internal revenue, to recover the amount of a tax paid under protest.]

Elisha Cook, for plaintiff.
R. F. Morrison, for defendant.

DEADY, District Judge. This action is brought against the defendant, as collector of the internal revenue for the First district of California. It was commenced in the Twelfth district court of the state, and removed to this court on the application of defendant. The cause was tried upon the amended complaint, filed in this court, and the answer of the defendant, without a jury. The object of the action is to recover from the defendant the sum of $329.10, paid to him for a manufacturer's license and as a manufacturer's tax. From the evidence and the admissions in the pleadings, it appears that the plaintiff was the owner of a patent right for the manufacture and sale of "Hendy's Patent Concentrator." The plaintiff employed certain foundrymen to construct a number of those machines for him, for which he paid them from $125 to $150 apiece. The foundrymen had a manufacturer's license, and paid the manufacturer's tax upon the money which they received from the plaintiff for constructing the machines. The contractors constructed these machines exclusively for the plaintiff, and were not authorized to sell any of them, except in pursuance of his special directions. The plaintiff kept the machines for sale, and sold them at $250 and $300 apiece—about one hundred per centum more than the cost of construction. The assessor of the district assessed the plaintiff for a manufacturer's license and with the manufacturer's tax upon the sums received by him from the sale of machines, over and above the cost of construction. In the course of his official business, these assessments were collected from the plaintiff by the defendant—the former paying the sum under protest, and after the issuing and exhibition

to him of a warrant to distrain his property for the same.

This is the case. But before considering it upon its merits, it is proper to refer to the provision in section 19 of the act of July 13. 1866 (14 Stat. 152), which enacts as follows: "That no suit shall be maintained in any court for the recovery of any tax, alleged to have been erroneously or illegally assessed or collected, until appeal shall have been duly made to the commissioner of internal revenue." No notice is taken of this provision, in either the pleadings or the argument. Does the statute operate to prevent the jurisdiction of the court, unless the complaint shows that an appeal has been taken? or does it merely furnish a defence to the action, which the defendant, as his personal privilege, may plead and insist upon, or waive by his silence? By the statute of limitation, it is declared that an action shall not be maintained, upon certain causes of action, unless commenced within a specified time. But this statute was never held to affect the jurisdiction of the court, and the defendant, to obtain the benefit of it, must set up and insist upon the bar. In my judgment the cases are parallel. This statute should not be construed to limit the jurisdiction of the court, but as a qualified restraint upon the general right of the plaintiff to maintain an action "for the recovery of a tax erroneously or illegally assessed or collected." The right of action exists in favor of the party injured by the collection of the tax, independent of the statute. The statute, to save the government, now represented by the defendant, the trouble and expense of unnecessary litigation, requires the plaintiff to first present his claim for relief, by appeal, to the commissioner. In this view of the matter, it is not necessary to the maintenance of the action, for the complainant to show that an appeal has been made to the commissioner. If no appeal has been made, the defendant may protect himself, by plea to that effect, in abatement of the action, or he may by his silence waive this defence, and then it becomes immaterial whether an appeal was made to the commissioner or not. The defendant in his answer avers that the plaintiff paid these taxes voluntarily, and therefore is not entitled to recover them back, even if they were illegally assessed. But the proof establishes the contrary. The taxes were demanded by an officer having authority to collect them by distraint—without action. That is sufficient duress of the plaintiff's property, to make the payment involuntary. Mariposa Co. v. Bowman [Case No. 9,089]. If then, the plaintiff was not the manufacturer of these machines, he is entitled to judgment for the amount claimed.

For the purpose of indicating who are required to take out a manufacturer's license, a "manufacturer" is defined by the act of July 13, 1866 (14 Stat. 119), as follows: "Any per-

son, firm, or corporation, who shall manufacture, by hand or machinery, any goods, wares, or merchandise, not otherwise provided·for, exceeding annually the sum of one thousand dollars, or who shall be engaged in the manufacture, or preparation for sale, of any article or compound, * * * shall be regarded as a manufacturer." By the same act (14 Stat. 122) it is provided that the manufacturers shall pay a certain tax ad valorem upon "goods, wares and merchandise" therein mentioned, "produced and sold or manufactured, or made and sold * * * within the United States;" and that the "return of the value and quantity" of goods, etc., manufactured, shall contain "an account of the full amount of actual sales made by the manufacturer or producer," and that the "value and quantity of the goods, etc., shall be estimated by the actual sales made by the manufacturer." The tax is not imposed upon goods manufactured merely, but upon goods manufactured and sold or removed for consumption, etc. The tax imposed upon the manufacture of these machines was ad valorem—a·per centum of their market value—the sum received for them on actual sales. From these premises it is evident that the tax imposed upon the manufacturer of these machines, should have been assessed upon the amount for which they sold, and not the mere cost of construction. Who is liable for it? To whom should the assessment be made? the plaintiff or the mechanics who constructed the machines? The government is entitled to the tax, and one or the other of them must pay it. Justice at once suggests that the person who sold the machines and received the money arising from the actual sales, should pay the tax. This is the plaintiff. Besides, the plaintiff comes exactly within the latter clause of the definition of a manufacturer, in the act already cited. He is a person engaged in the manufacture or preparation of these machines for sale. To be engaged in the manufacture of machines, it is not necessary that a person should make them with his own hands, or that the work should progress under his personal inspection. Properly speaking, the plaintiff should have been assessed with the whole value of the machines, but the omission to do so, is no reason why he should not have paid what he did. The persons who constructed these machines for the plaintiff, did not manufacture them for sale, or sell them—they simply made them as workmen for wages or hire. The plaintiff, on the other hand, was engaged in the manufacture of the machines for sale, and sold them. In his hands, their value consisted of the cost of production, and the price he could induce the public to give in addition, rather than do without them, as his patent gave him a monopoly of the article. The plaintiff is within the statute definition of a "manufacturer," and therefore liable to pay the license tax. He is the manufacturer also of these machines, and ought

to pay a tax upon the sum realized by the sale of them. It can make no difference that fifty per cent. of this value arises from the fact that the plaintiff has a monopoly of this production. Like causes or the exact converse enter into and modify the market price of all articles of manufacture. The tax is imposed upon the result—the price obtained —be it more or less, from whatever cause. The greater the sum realized the greater the tax, and vice versa. The plaintiff might employ all the manufacturers or producers of a particular article, in this community, to work for him for a given period. By this means he might control the market so as to command a large price for his goods. But if so, he is taxed accordingly. In other words, it is immaterial what conduces to give an article its market value. Whatever that value is, the tax must be imposed upon that basis. Judgment must be given for the defendant.

[NOTE. In Case No. 6,800, a bill filed by the plaintiff in conjunction with others against the same defendant, to restrain him from assessing or collecting a tax on the ground of its illegality, was dismissed. under section 10 of the act of March 2. 1867 (14 Stat. 475), which amends section 19 of the act of July 13, 1866 (14 Stat. 152).]