## KNIGHT vs. BARNES and another.

TAX TITLES. *Action to bar claim of original owner, under ch. 22, Laws of 1859, as amended by ch. 13, Laws of 1860 — Effect of deed based on a sale in 1857 — Deposit.*

1. In case of a tax sale in 1857, and deed thereon issued in 1865, if the grantee brings an action under ch. 22, Laws of 1859, he waives the conclusive effect of his deed as evidence given by the act in force in 1857, and can claim for it only the force allowed by the act of 1859

2. The original owner, in such a case, can set up mere irregularities in the tax proceedings, only on condition of depositing the full sum required by sec. 38 of said ch. 22, *as amended by chapter* 13, *Laws of* 1860.

APPEAL from the Circuit Court for *Milwaukee* County.

The defendants appealed from a judgment in favor of the plaintiffs. The case is sufficiently stated in the opinion.

*Peter Yates*, for appellants.

*Fuller & Dyer*, for respondent.

COLE, J. This is an action brought under the provisions of chapter 22, Laws of 1859, for the purpose of barring the former owner of all interest in lands sold for taxes. The tax sale was made in April, 1857, for the delinquent taxes of the previous year, and on the 8th day of March, 1865, the clerk of the board of supervisors executed the tax deed upon which the action is

commenced. The tax deed conforms substantially to the form prescribed in the law of 1859. The defendants, set up some twenty-five different defenses to the action, and went into proof in support of some of them, under objection, on the trial. These defenses, however, we consider unavailing, for this reason: The defendants, in their answer, after protesting that the law of 1859 (which, as amended in 1860, prohibits any other defenses than those therein specified, unless the party setting up the same deposit with the clerk of the court where the action is pending, for the use of the plaintiff, the sum for which the land was sold, together with twenty-five per cent. interest thereon from the date of the certificate of sale upon which the deed was issued) is unconstitutional and void, nevertheless, without waiving their rights, state and aver that they have made a joint and several deposit with the clerk of the sum of $108.50, at the time of the filing of their answer. The court finds that, at the time this amount was deposited with the clerk, the gross sum for principal and interest upon the tax certificate, from date to the day of filing the answer, was $243.70; and this finding of fact was fully sustained by the evidence. It appears, therefore, that the amount deposited with the clerk was clearly insufficient to entitle the defendants to go into the defenses set up in their answer.

In the cases of *Wakeley v. Nicholas*, 16 Wis. 588, and *Smith v. Smith*, 19 id. 615, this court sustained the validity of the provisions in the law of 1859 here assailed, and held that in actions under this statute, where the original owner attempted to impeach the tax deed on the ground of some technical error or omission in the proceedings, it was competent for the legislature to provide, as a condition to setting up such a defense, that he should make the deposit required by this law. It is merely an equitable condition imposed upon the delinquent tax payer before he is permitted to avail himself

of an irregularity or defect in the tax proceedings to avoid the tax deed.    And that the legislature may impose such a condition we have no doubt.    Here, although the defendants made a deposit, yet it was not one-half of the amount they should have deposited, under the law, in order to entitle them to go into the defenses set up in the answer.

When the objection was taken on the trial, that the defendants were not in a position to go into proof in support of the defenses set up in the answer, because of the insufficiency of the deposit, the court told the counsel for the defendants that they might amend their answer and increase the deposit, so as to obviate this objection.    Every reasonable opportunity, therefore, was afforded them to comply with the law in this particular.    They did not see fit to avail themselves of the leave to amend and make the necessary deposit on the trial, but rather preferred to stand by the one already made.    That this was entirely insufficient there can be no room to doubt.    See sec. 38, ch. 22, Laws of 1859, and ch. 13, Laws of 1860.    A deposit of only a part of the amount of principal and interest was no more a compliance with the provisions of the statute than though no deposit had been made ; but, to entitle them to go into the various defenses set up in the answer, which at most are merely technical, not affecting the groundwork of the taxes assessed against the property, they should have deposited the sum for which the parcels of land were sold, together with the interest thereon at the rate of twenty-five per cent. from *the date of the certificates of sale* for taxes *upon which the deed was issued.*    Sec. 38, ch. 22, Laws of 1859 ; ch. 13, Laws of 1860.    The law of 1860 amends the thirty-eighth section of chapter twenty-two, by substituting the words "the certificate of sale for taxes upon which such deed was issued," for the words "such deed."    It is claimed that the legislature could not impose a new duty, or

attach a new obligation, in respect to past sales. But has the legislature really done so? It will be remembered, that, by the law in force when this sale was made, the tax deed was made conclusive in all courts of the regularity of the proceedings, except in three particulars, and *prima facie* evidence of those. Ch. 503, Laws of 1852; and ch. 66, Laws of 1854. But the legislature, by the law of 1859, gave the grantee in a tax deed a new remedy to foreclose the rights of the original owner. If, however, he resorted to this remedy, although the tax sale might have taken place before 1859, and under a law which made the tax deed conclusive evidence of the existence of certain things, yet we have held that the tax deed in this new action was only *prima facie* evidence of these same matters or facts. *Burrows v. Bashford*, 20 Wis. 103. That is, the holder of the tax deed, when attempting to avail himself of the new remedy, subjected himself to the disadvantages of that statute. And as a condition to the right of the defendant to set up certain defenses to this action, he must make a deposit as required by the law. Each party, the plaintiff and defendant, if he would avail himself of the benefits of this statute, must submit to its conditions and disadvantages. The original owner cannot claim that the tax deed by this law is only *prima facie* evidence of the regularity of the proceedings, when, by the law in force at the time the tax sale was made, greater force and dignity were given it as evidence of title, and then attempt to show errors and omissions in the proceedings without making the deposit required by the act. The law is one really for the benefit of the original owner in a case where the sale was made in 1857, since, by making the deposit, he may set up defenses which by the former law he could not do; and that this case comes fairly within the provisions of the statute of 1859, it seems to us there can be no doubt. For, though the sale was made in 1857, yet the deed

was not executed until 1865. And if the plaintiff had brought his action to recover possession of the land, it is very manifest that conclusive effect must have been given the tax deed in those particulars in which the defendant sought to impeach it.

This view disposes of the case, and renders it unnecessary to notice the other points discussed by counsel.

*By the Court.*—The judgment of the circuit court is affirmed.

On a motion for a rehearing, appellants' counsel argued that the judgment was erroneous, 1. Because the certificates of sale on which the respondent's tax deed is based, stated that the lands were sold, not to the *county*, but to the *treasurer* thereof, and stated that such treasurer, *his* heirs and assigns, would be entitled to a deed, etc. 2. Because the deed also shows, on its face, that the sale was made *by* the county treasurer *to* the same officer. 3. Because, by § 11, ch. 22, Laws of 1859, the clerk of the board of supervisors was required to execute deeds to the county of lands sold to it and unredeemed ; and he had no authority to assign the certificates to the respondent. The respondent's counsel answered, 1. That the form of the certificates and deeds sufficiently showed that the county treasurer purchased and held as the agent and trustee of the county, under the law. 2. That, under §§ 10 and 12, ch. 22, Laws of 1859, and ch. 112, Laws of 1863, it is apparent that the clerk of the board of supervisors still had authority to assign the certificates. 3. That, even if the proceedings had been irregular in these respects, appellants could not set up such irregularities as defenses without making the deposit required by law.

The motion for a rehearing was denied.