Lombard vs. McMillan and another.

LOMBARD, Appellant, vs. McMILLAN and another, Respondents.

*March 22 — April 7, 1897.*

*Constitutional law: Remedies: Action to recover land sold for taxes: Parties: Pleading: Waiver.*

95　627
96　119

95　627
98　556

95　627
101　348

95　627
104　214

95　627
107　31

95　627
109　260

95　627
53 LRA　833

95　627
115　²264

1. The provision of ch. 278, Laws of 1883, requiring as a condition for the maintenance of an action by the former owner to recover land conveyed by a county holding a tax title thereon to the state, and subsequently sold by the state, that the plaintiff shall pay into the county treasury the amount of taxes paid since the sale, with costs and expenses, is not in conflict with sec. 9, art. I of the state constitution, securing to every one a certain remedy in the law for all wrongs, etc., without purchase, etc., since such payment is not absolute, but is a deposit pending the suit, and the money is to be returned to the plaintiff in case he fails to recover the land.

2. The failure of the plaintiff in such an action to deposit the amount of such taxes as required by that statute as a condition of maintaining his suit is matter in abatement. If it appears on the face of the complaint it may be taken advantage of by demurrer, otherwise only by plea in abatement, and if not so raised the objection is waived.

3. The state having conveyed the lands is under some obligation to make the title good to its grantee, and the provision of ch. 301, Laws of 1885, allowing the state to be made a party defendant to pending actions to recover such lands in order to protect its own interest, does not contravene any constitutional right of the plaintiff therein.

4. There is nothing in the provision of ch. 74, Laws of 1889, that the title acquired by the state under deeds taken pursuant to the act of 1885, to lands conveyed by it to private persons prior to taking such new deeds, shall inure to the benefit of such persons, to change the relation of the state to such lands, or its obligation to maintain the title.

APPEAL from a judgment of the circuit court for Marathon county: S. D. HASTINGS, JR., Judge. *Affirmed.*

This was an action of ejectment. Plaintiff held the original title to the lands which formed the subject of the action.

Defendant *McMillan* claimed title to such lands through mesne conveyances from Marathon county and the proceedings hereafter referred to. The lands were of the class designated as "Marathon County Lands" by sec. 184, R. S. 1878.

The history of defendant *McMillan's* title is as follows: Prior to the conveyance to the state hereafter mentioned, the lands were tax-deeded to Marathon county by tax deeds void on their face, some for omission of the words "as the fact is," required by statute, and some for failure to name the state as grantor. By ch. 22, Laws of 1867, Marathon county was authorized to convey to the state tax-title lands, and tax-sale certificates thereon, owned by it, in payment of its delinquent dues. Pursuant to such chapter the lands in question were so conveyed June 3, 1867, and tax-sale certificates thereon owned by the county were delivered to the state. By ch. 278, Laws of 1883, it was provided, among other things, as follows: "No action shall be commenced, maintained or prosecuted by or on behalf of the original owner, or any person claiming title through or under such owner to recover possession of, or in any way involving the title to any lands heretofore conveyed to the state of *Wisconsin* by any county in the state, or attempted to be so conveyed and sold by said state of *Wisconsin* to any private party or parties, until all taxes levied and assessed upon and against the same, from the date of the sale thereof by the said state, together with all legal charges for assessing and collecting the same, and interest thereon . . . shall have been paid into the county treasury of the county in which such lands shall lie; nor until all delinquent taxes levied upon and returned against said lands and remaining unpaid when the same were so conveyed, or attempted to be, to the state together with the like interest thereon shall have been paid into such county treasury; which moneys shall be retained in said county treasury to abide the event of such action,

and shall be returned to the party paying or depositing the
same if he shall fail to maintain such action; otherwise, so
much thereof as covers the delinquent taxes above men-
tioned and interest thereon at the rate aforesaid, shall be
retained by such county, and the remainder shall be paid
over to the party or parties purchasing the same from the
state, his or their legal representatives." Further provision
was made giving plaintiffs a reasonable time to make the
deposit required in actions pending at the time of the passage
of the act, and for a dismissal of such actions for failure so
to do. The lands in question were conveyed to George
Weller in 1876, and by him conveyed to defendant *McMillan*
in 1879. This action was commenced February 11, 1885,
against *McMillan* only. Thereafter ch. 301, Laws of 1885,
was passed, authorizing the state to take tax deeds upon
Marathon county lands, where it held certificates subject
to such deeds delivered to it by Marathon county under the
act of 1867; also, to take tax deeds valid in form in place
of invalid tax deeds, under which the county claimed title
at the time the lands were conveyed to the state pursuant
to such act. Such chapter provided as follows: " Such deeds
shall vest in the state an absolute estate in fee simple in the
lands therein described, and shall be presumptive evidence
of the truth of the recitals in such deeds contained, and of
the regularity of all the proceedings from the valuation of
the lands by the assessor, up to and including the execution
of the deeds. . . . Such tax deed or deeds . . . shall
be conclusive evidence of absolute title to said lands in the
state, unless . . . adjudged to be void in some action
now pending, or which shall be brought within nine months
after the recording of such tax deed or deeds to which the
state shall have been made a party." The act further pro-
vided for making the state a party defendant in pending
actions. In September and December, 1885, new tax deeds
were taken by the state under the aforesaid act. By ch. 74,

Laws of 1889, it was provided, in effect, that the title acquired by the state under deeds taken pursuant to the act of 1885 to lands conveyed to private persons before the taking of such new deeds should inure to the benefit of such persons.

The complaint was in the usual form. Defendant *McMillan* answered by a general denial. In 1893 *McMillan* applied to the court to have the state made a defendant, pursuant to the act of 1885. Such motion was granted, and plaintiff excepted thereto. Such proceedings were thereafter had that the state answered, setting forth the facts respecting the title under which defendant claimed the lands, and pleaded, in abatement of the action, noncompliance by plaintiff with the law requiring deposit of the amount of unpaid taxes with the county clerk as a condition precedent to the commencement of the action. Judgment was demanded abating the action on that ground, and for costs and disbursements. The case was tried before the court. The facts were found in defendants' favor as set forth in the plea in abatement. Judgment abating the action was ordered, and entered accordingly. Exceptions were duly filed, and plaintiff appealed.

For the appellant there was a brief by *Brown & Pradt,* and oral argument by *Neal Brown.* They argued, *inter alia,* that the failure of the plaintiff to pay into the county treasury the taxes assessed on the land sought to be recovered since the tax sale, with legal charges, required by ch. 278, Laws of 1883, as a condition of maintaining his action, was matter in abatement, and the original defendant, having simply pleaded a general denial, could not avail himself of it. *Martin v. Pugh,* 23 Wis. 184; *Brown Co. v. Van Stralen,* 45 id. 675; *Dutcher v. Dutcher,* 39 id. 651; *Sanford v. McCready,* 28 id. 103; *Ewen v. C. & N. W. R. Co.* 38 id. 613. By failing to plead it in abatement he waived it. *Spain v. Johnson,* 31 Ark. 314; *Stiles v. Horner,* 21 Conn. 507;

*York's Adm'r v. Gregg's Adm'x,* 9 Tex. 85. It is a personal plea, and defendant cannot avail himself of the plea put in by the state, eight years after the suit was commenced. *Bowzey v. Redman,* 40 Me. 336; *Savage Mfg. Co. v. Armstrong,* 17 id. 34; *Vose v. Manly,* 19 id. 331. It was waived by delay. *Conley v. Good,* 1 Ill. 135; *Archer v. Claflin,* 31 id. 317; *Holloway v. Freeman,* 22 id. 197; *Pearce v. Swan,* 2 id. 266. Ch. 278, Laws of 1883, is unjust and violates the constitutional provision securing justice to all freely and without purchase. *Conway v. Cable,* 37 Ill. 82; Cooley, Taxation, 550, 552, 553; *Lassitter v. Lee,* 68 Ala. 287; *Wilson v. McKenna,* 52 Ill. 43; *Weller v. St. Paul,* 5 Minn. 95; *Madland v. Benland,* 24 id. 372; *Green v. Biddle,* 8 Wheat. 1; *Crowley v. Utley,* 74 Me. 49; *Straw v. Poor,* id. 53. The burden of proof is upon the defendant to show that the taxes the plaintiff is required to pay are legal. It is unjust to require him to pay illegal taxes. *Hart v. Henderson,* 17 Mich. 219; *Sillsbee v. Stockle,* 44 id. 561. The taxes upon the lands in suit were illegal. Ch. 278 is also unconstitutional in that it deprives the plaintiff of a valuable property right, viz. the interest on his money paid into the treasury. *In re Jacobs,* 98 N. Y. 98, 50 Am. Rep. 636; *People ex rel. Manhattan Sav. Inst. v. Otis,* 90 N. Y. 48; Hare, Am. Const. Law, 759; *Janesville v. Carpenter,* 77 Wis. 288; *Pumpelly v. Green Bay Co.* 13 Wall. 166; *Hutton v. Camden,* 39 N. J. Law, 123, 23 Am. Rep. 203. Ch. 301, Laws of 1885, properly construed, would not allow the state to be made a party defendant except to litigate its own rights. By ch. 74, Laws of 1889, all the rights acquired by the state have inured to its grantees and it has no further interest in the matter. *United States v. San Jacinto Tin Co.* 125 U. S. 273. Having no real interest in the matter it could only join in the right of the original defendant, and if he has lost his right the defense must fail. *United States v. Beebe,* 127 U. S. 338; *Curtner v. U. S.* 149 id. 662. If the

Lombard vs. McMillan and another.

state is but a nominal party, the original party can gain by its presence no greater rights than it would otherwise have had. Ch. 301, Laws of 1885, is invalid in so far as it attempts to bind the original owner by the record of the void tax deeds, and consequently it is so in that part which allows the state to be made a party, which is clearly dependent thereon. *Warren v. Charlestown*, 2 Gray, 84; *Comm. v. Clapp*, 5 id. 97; *Comm. v. Pomeroy*, id. 486; *Slauson v. Racine*, 13 Wis. 398.

For the respondents there was a brief by *Silverthorn, Hurley, Ryan & Jones*, attorneys for *McMillan*, and the *Attorney General*, for the state, and oral argument by *T. C. Ryan* and *W. C. Silverthorn*

MARSHALL, J. There are several questions presented on this appeal proper for consideration, some necessary and some not. This opinion will not be confined strictly to those necessary.

1. It is contended on the part of the appellant that ch. 278, Laws of 1883, for failure to comply with which the trial court decided that the action was prematurely brought and should be abated, is unconstitutional and void under art. I, sec. 9, which provides that "every person is entitled to a certain remedy in the laws, for all injuries or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws." A large number of decisions are brought to our attention from other states to show that statutes there which require the payment of illegal taxes as a condition precedent to the right to institute an action to avoid taxes, or tax deeds based thereon, offend against this constitutional safeguard; but such adjudications do not apply here. The act in question does not require the former owner of lands, as a condition for bringing an action

to void an illegal tax deed based thereon, to part absolutely with anything, but only as an earnest of good faith that he will finally abide by the decision of the court respecting the payment of legal taxes that may be determined to be equitably chargeable to the lands requires the deposit mentioned in the act. The essential principle involved has been repeatedly challenged in this court, and as often sustained. *Flanders v. Merrimack,* 48 Wis. 567; *Wakeley v. Nicholas,* 16 Wis. 588; *Smith v. Smith,* 19 Wis. 615; *Finney v. Ackerman,* 21 Wis. 268; *Knight v. Barnes,* 25 Wis. 352; *Philleo v. Hiles,* 42 Wis. 527. In both legal and equitable actions, legislation requiring a deposit of taxes, void simply on the ground of irregularities, but not inequitable, as a condition of recovery, has been sustained, as the cases referred to abundantly show. In *Lombard v. Antioch College,* 60 Wis. 459, the act in question was challenged, the contention being made, now pressed upon the attention of the court,— i. e. that the requirement to deposit taxes equitably chargeable to land as a condition of recovery in an action to avoid a tax deed based thereon cannot be extended so as to require the deposit of taxes on lands paid by the tax-title claimant as a condition precedent to the right of the former owner to institute an action to avoid such tax or a deed based thereon; and in respect thereto this court decided, in effect, that ch. 278, Laws of 1883, cannot be held unconstitutional because it requires the plaintiff to deposit the taxes which have been paid on the lands by the party claiming the same as a condition of his right to maintain an action to avoid a tax title based thereon, under which the party claims who has paid such taxes, without substantially overruling the decisions of this court holding that such deposit may be required after the action has been brought, as a condition of recovery, and that, the court having settled the question that the former owner who brings an equitable action to avoid a tax deed for mere irregularities in tax proceedings must tender

or offer to pay the taxes properly due upon the land, on account of which the tax deed was issued, as a condition of recovery, there can be no doubt as to the power of the legislature to apply such equitable rule, as a condition of the right of a party to avail himself of his legal right of action, to accomplish the same object sought by the equitable action. We do not perceive how it can seriously be contended but that the very question here presented was passed upon in *Lombard v. Antioch College*, and determined against appellant's contention. No new light is shed on the question by the briefs of counsel or the study which we have been able to give to the subject.

2. It is further contended by the appellant that the deposit required by the act of 1883, being a mere condition precedent to the institution of the action, a failure to comply therewith could only be taken advantage of by plea in abatement, and that defendant *McMillan* waived such condition by failure to tender such plea. Respondents insist that failure to make the deposit was not a matter in abatement, but in bar; therefore, that *McMillan* could insist upon such condition under his general denial.

The distinction between a plea in abatement and a plea in bar is that the latter goes to the merits, and, if in accordance with the facts, shows that the plaintiff cannot maintain the action at any time, while the former sets up matter only tending to suspend the suit for the time being, without preventing the recommencement of the same at some future time when the facts relied upon for such suspension no longer exist. Chitty, Pl. (16th Am. ed.), 462. The mere statement of the distinguishing characteristic between a plea in abatement and a plea in bar sufficiently shows that the matter in controversy was in abatement, strictly so called. It did not go to the cause of action at all, but only fixed terms upon which the remedy to enforce the cause of action could be made available. This was not the mere premature bring-

ing of an action which may be taken advantage of either by plea in abatement or by motion for a nonsuit, where the defect does not appear upon the face of the complaint, under the rule referred to in *Millett v. Hayford*, 1 Wis. 401, citing 1 Chitty, Pl. 453. Such rule applies only where the matter is such that it goes to the cause of action or to the jurisdiction of the court; then it may be pleaded either in bar or in abatement, or taken advantage of by motion for a nonsuit. *Benthall v. Hildreth*, 2 Gray, 288; *Nat. Bank v. Stanton*, 116 Mass. 435; *Franklin Springs Institution v. Reed*, 125 Mass. 365. But where the cause of action is complete, though something is yet to be done as a condition of the right to enforce such cause of action, the nonperformance of such condition is held to be a matter to be taken advantage of by abatement only, and must, therefore, be pleaded specially, or it is waived. Failure to keep in mind this distinction between matter in abatement only and matter which may be taken advantage of either in abatement, or in bar, or by way of motion for a nonsuit, is likely to lead one astray, for, without such distinction, there is an apparent conflict in the authorities respecting how the objection must be raised. For instance, the general doctrine will be found laid down in 1 Ency. of Pl. & Pr. 22, to the effect that the objection that the action is prematurely brought must be raised by plea in abatement unless taken by demurrer (citing *Collette v. Weed*, 68 Wis. 428), while the text cited from Chitty, the Massachusetts cases in support of the same, and the early case of *Millett v. Hayford*, *supra*, in this court, to which may be added *Noonan v. Bradley*, 9 Wall. 394, state apparently a contrary doctrine, but all are in harmony when the distinction is kept in mind between matter going to the jurisdiction of the court or to the cause of action itself, and matter affecting the remedy by way of qualification or otherwise.

There does not appear to have been any very decided ex-

pression of opinion on the question in this court in the earlier cases. In *Jaquish v. Ithaca*, 36 Wis. 108, the action was brought against a town without having first presented the claim to the town board of audit. The statute provided for such presentation as a condition precedent to the institution of the action. Failure to comply with such condition did not appear upon the face of the complaint, and was not pleaded in abatement. In discussing the subject Mr. Justice Lyon said: It only goes in abatement of the action, and should have been made *on the trial, by a motion for a nonsuit or in some other proper way.* " Indeed, *it may well be argued that this matter in abatement should have been pleaded*," — citing Gould, Pl. ch. 5, § 153, to the effect that all matters in abatement, if not pleaded, are waived. But in *Sheel v. Appleton*, 49 Wis. 125, the charter of the city required, as a condition precedent to the bringing of an action upon any claim against such city, the presentation of such claim to the common council for allowance. The action was brought without reference to such provision. No objection was taken by demurrer or plea in abatement, and this court said that the statute prescribing the conditions upon which the action might be brought went only to the capacity of plaintiff to sue, not to the jurisdiction of the court or the cause of action; hence the objection could only be taken by plea in abatement. This was followed by *Collette v. Weed, supra.* In *Hendy v. Soule* (Dist. of Cal.), Deady, 400, the precise question was decided in a similar case. The action was to recover taxes, paid to the revenue collector, alleged to be illegal. The United States statute governing the subject (sec. 19, Act of July 13, 1866, ch. 184), provided as follows: " No suit shall be maintained in any court for the recovery of any tax alleged to have been erroneously or illegally assessed or collected, until appeal shall have been duly made to the commissioner of internal revenue." The action was brought without reference to

such statute. No objection was taken by plea in abatement, or by demurrer. The court, by DEADY, J., said, in effect, that such statute does not limit the jurisdiction of the court, but qualifies the right of plaintiff to maintain his action. The right of action exists independent of the statute, and the objection that the prescribed condition was not performed, which qualifies the remedy by suit to recover the tax wrongfully collected, could only be taken advantage of by plea in abatement.

From the foregoing we conclude that the condition prescribed by ch. 278, Laws of 1883, precedent to the commencement of a suit by the former owner of lands, to avoid a tax deed thereon, did not affect an existing cause of action to void such deed, or go to the jurisdiction of the court to entertain such cause of action, but qualified or restrained an existing right to the remedy to enforce such cause of action; hence, the nonperformance of such condition could only be taken advantage of by demurrer, if such failure appeared upon the face of the complaint, and, if not, as in this case, by plea in abatement. No such plea having been interposed by defendant *McMillan*, the benefit of such statutory restraint upon the remedy was effectually waived and lost for all the purposes of the action unless in effect restored by the bringing in of the state as a defendant.

3. The next important question is, Was the state properly brought in as a defendant and permitted to plead, in abatement of the action, nonperformance of the condition precedent to the institution or maintenance thereof prescribed by the act of 1883? The state conveyed these lands, and received its grantee's money therefor. Its conveyance purported to pass the title to such grantee. It was under some obligation, the nature of which it is not necessary here to determine, to make such title good or refund the money paid therefor. As the learned circuit judge said, it was also interested in enforcing collection of the public revenues.

These conditions, obviously, in the judgment of the legislature, were sufficient to warrant the passing of the act of 1885, authorizing the state to be made a party for the purpose of protecting the interests of the person claiming title under its conveyance, and in that way of protecting its own interests. We fail to see wherein such act contravenes any constitutional right of the plaintiff. He failed to comply with the conditions of the act of 1883, after the passage of the act of 1885, before the plea in abatement was filed by the state. That was a matter of his own choosing. The act expressly provides for making the state a party defendant in actions pending at the time of its passage, and obviously to subserve the purposes of the law, heretofore stated. Now, to say that it was error to allow the state to come in, pursuant to such act, and interpose the plea in abatement, is, in effect, to nullify such act. We find nothing in ch. 74, Laws of 1889, to change the relation of the state to the subject in this action. It provided that all titles obtained by the state, pursuant to the law of 1885, to lands circumstanced as those here in suit, should vest in the grantees of the state or those claiming under such grantees. The purpose of the deed taken under the act of 1885 being obviously, as before stated, to strengthen the title of the grantees of the state so far as relates to lands theretofore sold, its interest in maintaining the title of such grantees was just the same after the act of 1889 as before. No reason is perceived why such act can cut any figure in the matter.

It follows, from the foregoing, that the state was properly made a party defendant, that its plea of abatement was properly sustained by the trial court, and that the judgment in abatement of the action was properly rendered.

*By the Court.*— The judgment of the circuit court is affirmed.