## SPECK vs. JARVIS, imp.

*February 1 — February 19, 1884.*

TAX TITLES. *(1) Action to bar original owner: waiver of defenses by deposit, etc. (2) Costs. (3) Constitutional law. (4) Redemption by married women: Repeal of statutes.*

1. In an action to bar the original owner of lands sold for taxes the defendant set up several defenses which might be set up without a deposit, and also made the deposit and offer to pay costs, etc., specified in sec. 1200, R. S. The plaintiff elected to accept such deposit and offer. *Held*, that the defenses pleaded were waived, and would not be considered even upon the adjustment of costs.

2. The costs allowed to the plaintiff when such deposit and offer are accepted cannot exceed the taxable costs; but, within that limit, the adjustment of the amount is within the discretion of the trial court, and this court will not interfere with its decision unless it has proceeded upon an erroneous view of the law or an abuse of discretion is clearly shown.

3. Secs. 1197–1210, R. S., are not unconstitutional.

4. The law giving to married women the right to redeem their lands from tax sales at any time within five years having been repealed by R. S. 1878, their right to redeem from sales made after, though for taxes levied before, such repeal, is governed by the revision and limited to three years.

APPEAL from the Circuit Court for *Crawford* County. The case is thus stated by Mr. Justice TAYLOR:

"This action was commenced in the circuit court against *Mary F. Jarvis* and Henrietta Stanley, under the provisions of secs. 1197–1210, R. S. 1878, to bar the defendants, as original owners, from all claim to certain lands described in a tax deed set out in the complaint. The defendant *Mary F. Jarvis* appeared in the action, and filed an answer. In her answer she set out, among other things, that she had made a deposit of money with the clerk of the court, as required by sec. 1200, in order to entitle her to make a defense to the plaintiff's deed for irregularities in the tax proceedings upon which such deed was founded; and she also stated in her answer, as required by said section, she was ready to pay such portion of the costs and disbursements in the action as should be adjudged just and reasonable in case the plaintiff should elect to receive such deposit, and release to her the lands described in said tax deed.

"Within twenty days after the receipt of this answer the plaintiff notified the defendant in writing that he elected to receive such deposit, and that he would apply to the court to adjust the costs and disbursements which said defendant ought to pay, and that upon the payment of such costs when so adjusted he would release to the defendant all his right, title, and interest to the lands in controversy, as required by sec. 1201. Upon such notice given the court 'ordered and adjudged that the costs and disbursements which said defendant, *Mary F. Jarvis*, ought to pay, be, and the same are hereby, adjusted at the sum of $80.37; and it is further ordered that upon the payment of said sum the plaintiff release to the defendant *Mary F. Jarvis*, all right, title, and claim which he has to the lands on account of which said deposit is made, by virtue of the sale and deed made for the nonpayment of taxes, as set forth in the plaintiff's complaint in this action.'

" From this order *Mary F. Jarvis* appealed to this court. No final judgment has been rendered against her for the recovery of said costs under the provisions of said sec. 1201."

The land in question was sold for taxes in 1879, and the plaintiff's tax deed was issued and recorded April 13, 1883.

For the appellant there was a brief signed by *Wm. B. Jarvis,* as attorney, and *D. Webster,* of counsel, and oral argument by *Mr. Jarvis.*

For the respondent there was a brief by *Thomas & Fuller,* and oral argument by *Mr. Thomas.*

TAYLOR, J.    The answer of the appellant filed in this action first sets out several matters which the statute says may be set up as a defense to the plaintiff's action without making any tender or deposit with the clerk of the court as required by sec. 1200, R. S., and then sets up a tender under said section in the following language: " The defendant further answering said complaint, and not in anywise waiving her above pleas in bar of his action, but still insisting thereon, shows to this court that she did, on the date of the service and filing of this answer herein, deposit with the clerk of said circuit court of Crawford county, Wisconsin, the sum of —— dollars and cents for the use of the plaintiff in this action, that being the sum for which it is averred in said complaint said parcel of land was sold, and interest at the rate of twenty-five per cent. per annum from the date of the tax certificate upon which said claimed deed was issued, and said defendant is ready to pay all costs and disbursements in this action as shall be adjudged just and reasonable, in case the plaintiff shall elect to receive the deposit thus made, and release said land to this defendant."

After making this statement and offer in her answer, she goes on and sets out all the irregularities in the tax proceedings which it would be possible to make, from the holding of the town meeting which levied the taxes in part down to

and including the recording of the alleged tax deed, as further defenses to the plaintiff's action. Although we are not clear as to the position which the counsel for the appellant takes upon this state of pleadings as to the defendant's rights after the plaintiff elects to accept the deposit and offers to release his title, as prescribed by sec. 1201, R. S., we understand him to claim that she has not, by said deposit and offer, waived her former answers in bar of the plaintiff's action for all purposes, but that upon the plaintiff's accepting the deposit and tendering a release as prescribed by said last-named section, and giving notice of the adjustment of the costs, the court ought, upon such adjustment of costs, to consider these answers in bar of the action, which could be properly made without a deposit and offer, as having a bearing upon that question, and if the facts alleged in such answers are sufficient if proved to defeat the plaintiff's action, the court ought to deem them proved, and either give costs to the defendant or at most nominal costs to the plaintiff.

We are not prepared to give this construction to the statute. We think the defendant must make his election in his answer whether he will rely upon those defenses which he may make without making a deposit, or he must make his deposit and offer, and if the offer is accepted by the plaintiff such acceptance is a termination of the litigation, leaving nothing to be done except to adjust the costs on the notice of the plaintiff. He is in no better position to contest the plaintiff's right to recover against him after making the deposit and offer to pay the costs when adjusted than he would be in any other case in which he should first file an answer setting up a good defense to the plaintiff's action, and follow it with an offer to permit the plaintiff to take judgment for a sum stated, with the costs of the action, as prescribed by secs. 2789 and 3627, R. S. The offer in either case is a waiver of the defense and a compromise of the case, if accepted by the plaintiff.

The counsel for the appellant further insists that it was error for the circuit court to adjust the costs to be paid by the defendant at the sum of $80.37. The statute has placed the power to adjust the costs in these cases in the court. This is a judicial power, not a mere ministerial one; and unless it clearly appears that the court, in making the adjustment, proceeded upon an erroneous view of the law governing his action, the decision of the court must be final, unless the facts appearing in the case show a clear abuse of judicial discretion. The statute under which this adjustment was made does not contemplate that the court should in every case adjust the plaintiff's costs by allowing him the taxable costs in the action, but that the court shall allow such costs to the plaintiff as would be just as between the parties upon a consideration of all the circumstances attending the litigation; not, however, in any case an amount exceeding the plaintiff's taxable costs. *Jarvis v. Mohr,* 18 Wis., 189.

The record in this case does not show that the learned circuit judge proceeded in the adjustment of the costs in this case upon the theory that the plaintiff was legally entitled to have his costs adjusted at the sum his taxable costs in the action would amount to, and that, consequently, in his adjustment of such costs he did not exercise his judicial discretion but simply the ministerial duty of a clerk of his court in taxing the costs of a party to an action. Had that fact been made to appear by the record we should have been inclined to reverse the order, as we think the allowance made to the plaintiff is, so far as the record discloses, quite large. But as the question of fixing the amount, within the limits of the taxable costs, is intrusted by the law to the discretion of the circuit judge, he having exercised his discretion in fixing such amount we cannot reverse his decision except upon the clearest evidence of an abuse of discretion. The learned circuit judge knew all the facts connected with

the litigation, and was in a much better position to determine what was just and equitable between the parties than this court can be; and, it not appearing that he proceeded upon an erroneous understanding of his duty, his judgment must be affirmed.

The constitutionality of the act under which the respondent brought his action is attacked by the counsel for the appellant. That question has been determined against the position taken by the learned counsel, by this court. *Wakeley v. Mohr*, 15 Wis., 609; *Wakeley v. Nicholas*, 16 Wis., 588; *Smith v. Smith*, 19 Wis., 615; *Knight v. Barnes*, 25 Wis., 352.

That part of the appellant's answer which alleges that she was and is a married woman, and that she was entitled to redeem the lands from said sale and deed at the time plaintiff's action was commenced, would have been a good defense to the action, without making a tender and deposit, had it not been for the fact that the law authorizing a married woman to redeem her lands from a tax sale at any time within five years after sale, had been repealed by the Revised Statutes of 1878, and long before the tax sale in this case was made. *Dayton v. Relf*, 34 Wis., 86. There can be no doubt that the repeal of this law before the sale was made, limited her right to redeem to the three years from the date of sale. To hold otherwise would be to establish the doctrine that no change of law regulating tax proceedings could be lawfully made after a tax was levied, so as to affect the tax proceedings as to taxes so levied. But, if that were otherwise, the subsequent deposit and offer to submit to a judgment for costs on the condition that plaintiff would accept the deposit and offer, was a waiver of such defense, as well as all others well pleaded which might bar plaintiff's action without a tender.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings.