BERGEVIN, Appellant, vs. THE CITY OF CHIPPEWA FALLS, Respondent.

*May 24— June 15, 1892.*

*Municipal corporations: Defective sidewalks: Notice: Special verdict: Evidence.*

1. In an action against a city for injuries caused by a defective sidewalk, the jury were instructed that if the alleged defect had existed so long that the city officers, in the exercise of reasonable diligence, should have discovered it, they should find that the city had notice of such defect. *Held,* that a finding in the special verdict that the city did not have notice of the defective condition of the walk before the time of the accident, negatives both actual and constructive notice.

2. The evidence in this case, though conflicting, is *held* to sustain the finding of the jury that the city did not have notice of the defect in the walk.

3. The street commissioner had ordered the repair of the walk at the place of the accident, but such order related only to the outer ends of the planks, which projected over an area wall towards the gutter, and which had been broken by vehicles backing against them. *Held,* that this was not proof that the city had notice of a hole in the walk inside of such area wall.

APPEAL from the Circuit Court for *Portage* County.

On the evening of December 5, 1888, the plaintiff had his leg broken in one of the public streets of the city of *Chippewa Falls,* and he claims that a defective sidewalk caused the injury. He served on the proper city officials, in due time, the notice required by sec. 1339, R. S., and presented to the common council of the city his claim for damages for such injury. The council disallowed his claim, and thereupon the plaintiff appealed to the circuit court from such disallowance, pursuant to the provisions of the city charter in that behalf. The appeal was tried in that court, and a special verdict found by the jury, consisting of answers to certain questions submitted to them, which are as

Bergevin vs. The City of Chippewa Falls.

follows: "(1) Did the plaintiff receive the injury while traveling on the sidewalk in front of the Taylor building, on Bridge street, in the city of *Chippewa Falls?* Yes. (2) Was the sidewalk at the time and place of plaintiff's accident in a reasonably safe condition of repair for the use of persons themselves in the exercise of ordinary and reasonable care? No. (3) Was there a hole in said sidewalk which rendered it not reasonably safe for use? Yes. (4) Did the plaintiff's accident happen by reason of his stepping into a hole in the sidewalk? Yes. (5) Did the defendant have notice of the defective condition of the said walk before the time of the accident? No. (6) Was there any want of ordinary care on the part of the plaintiff which contributed to produce his accident? No. (7) Was the plaintiff intoxicated at the time of the accident? Yes. (8) Did the plaintiff's intoxication contribute to produce his accident? No. (9) At what sum do you assess the plaintiff's damages which were caused by his accident? $2,000."

The court overruled motions by plaintiff for judgment on the special verdict and for a new trial, and gave judgment for the city on such verdict. The case is further stated in the opinion. Plaintiff appeals from the judgment.

For the appellant there was a brief signed by *T. F. Frawley* and *T. J. Connor*, and a supplemental brief signed also by *W. H. Stafford*, of counsel, and the cause was argued orally by *Mr. Frawley* and *Mr. Stafford.* They contended, *inter alia*, that knowledge on the part of the city officers of the defective condition of the walk was sufficient notice to them of the defect in question, although they may not have had actual knowledge of that particular defect. *Gude v. Mankato*, 30 Minn. 256; *Osborne v. Detroit*, 32 Fed. Rep. 36; *Topeka v. Sherwood*, 39 Kan. 690; *Armstrong v. Ackley*, 71 Iowa, 76; *Noyes v. Gardner*, 147 Mass. 505; *Aurora v. Hillman*, 90 Ill. 61; *Aurora v. Dale*, id. 46; *Avery v. Syracuse*, 29 Hun, 537; *Quinlain v. Utica*, 11 id. 217; *Mayor v.*

*Sheffield,* 4 Wall. 189; *Weisenberg v. Appleton,* 26 Wis. 56; *Ripon v. Bittel,* 30 id. 614; *Sullivan v. Oshkosh,* 55 id. 508; *Spearbracker v. Larrabee,* 64 id. 573; *Shaw v. Sun Prairie,* 74 id. 105.

For the respondent there was a brief by *Cate, Jones & Sanborn,* and oral argument by *D. Lloyd Jones.*

Lyon, C. J. The special verdict returned by the jury, if allowed to stand, undoubtedly entitles the defendant city to judgment; for, however defective the sidewalk in question may have been, the finding that the city had no notice of such defects before the plaintiff was injured is fatal to a recovery. It has been urged that the finding is not sufficiently comprehensive to relieve the city from liability, because it is not found that the defect had not continued a sufficient length of time to charge the city with constructive notice of its existence. But, under the charge of the court, that proposition is included in the finding, for the instruction was that if the alleged defect had existed so long that the city officers, in the exercise of reasonable diligence, should have discovered it, the jury should find that the city had notice. Hence the finding covers the whole subject of both actual and constructive notice, and negatives the existence of either. It thus exonerates the city from liability for the injury. So, if the fifth finding is upheld (no other error intervening), the judgment cannot be disturbed. That finding must be upheld unless the court can say that it is against the uncontradicted testimony in the case.

The sidewalk in question is on the principal street of the defendant city, and at the point of the accident was about nine feet wide. It rested upon sleepers two by eight inches in size, placed sixteen inches apart, and running parallel with the street. These were covered with $\frac{5}{8}$-inch boards, matched together and tarred on the upper surface, and on

Bergevin vs. The City of Chippewa Falls.

these, and parallel with them, 1⅞-inch planks were laid, entirely covering such boards. The support of the sidewalk next the street was an area brick or stone wall, beyond which the ends of the planks extended towards the gutter ten or eleven inches. By the backing of drays and other vehicles against the projecting ends of these planks they had become broken, but outside the area wall. It is not claimed, and there seems to be no testimony tending to prove, that such breakages had anything to do with plaintiff's injuries. The plaintiff came out of a saloon, and as he was walking along the sidewalk a short distance from the saloon door he was thrown down and received the injury complained of. The testimony tends to show that he stepped into a hole in the sidewalk, inside the area wall, of sufficient size to receive his foot, and that this was the cause of the accident. The testimony also tends to show that such hole had been there for several months. Were the proof conclusive that the hole had been there for a considerable time, the fifth finding could not be upheld. But it is not conclusive. There is much testimony in the case tending to show that there was no hole in the sidewalk inside the area wall, or, if there was one, that it had been there but a very short time before the plaintiff was hurt. The testimony tends to show that there was no break in the lining or board part of the sidewalk at the time of the accident or for a long time afterwards, and that the hole in question was a mere partial break in a plank which caused it to yield under pressure.

It is true the street commissioner, before the accident, had ordered the occupant of the property abutting the alleged place of injury to repair the sidewalk; but it conclusively appears that the order related only to the broken ends of the planks outside the area wall. This is not proof that the city had notice that there was a hole therein inside of such wall. It is also true that an alderman of the

city testified to the existence, for several months before the accident, of the alleged hole; but manifestly the jury disbelieved his testimony, which it was competent for them to do. It is useless to state the testimony further. After a careful examination of it we are satisfied that it sustains the fifth finding in the special verdict.

No instructions to the jury were proposed on behalf of the plaintiff. Some criticisms are made upon the general charge. We think none of the exceptions thereto are well taken. We find no reversible error disclosed in the record.

By the Court.— The judgment of the circuit court is affirmed.