Grimm vs. The Town of Washburn.

GRIMM, Respondent, vs. THE TOWN OF WASHBURN, Appellant.

*May 26 — June 23, 1898.*

(1) *Appeal: Failure to specify grounds of objection.* (2) *Pleading: Negative pregnant.* (3, 4) *Highways: Injury from defective bridge: Contributory negligence: Towns: Notice of defect.*

1. In the absence of any assignment of errors and of anything more than general statements in appellant's brief that the complaint fails to state a cause of action and that there is a fatal variance between the allegations and the proof, this court declines to search through the record to ascertain whether there are grounds for such objections.

2. In an action against a town for injuries alleged to have been caused by defects in a bridge, a denial in the answer, following the language of the complaint, that the town had laid out, used, and maintained the road in question "for a great number of years," and that the town had kept and maintained the bridges "for twenty years or more," is a negative pregnant and raises no issue.

3. Whether it was prudent under the circumstances shown in this case to attempt to pass, with a loaded wagon, over an old bridge, the stringers of which were rotten, is *held* to have been a question for the jury.

4. Evidence that a bridge on a public highway had been built for some time; that it was in bad condition about five years prior to the accident; that its timbers were old and rotten; and that its rotten condition caused the accident, was sufficient to take to the jury the question whether the town was chargeable with notice of the defect.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This is an action brought to recover damages alleged to have been caused to plaintiff's team by reason of the defective condition of a certain bridge in the defendant town. The plaintiff had judgment for $150, from which this appeal is taken.

*A. M. Warden*, for the appellant.

For the respondent the cause was submitted on the brief

of *Cate, Sanborn, Lamoreux & Park*, attorneys, and *D. F. O'Keefe*, of counsel.

BARDEEN, J. We have not been favored by any assignment of errors, but are left to a consideration of appellant's entire argument to determine the grounds of its appeal. A statement is made that the complaint does not state facts sufficient to constitute a cause of action, but counsel fails to state in what particular the complaint is bad. If the attorney is unable to give any reason for the faith that is in him, we shall not help him to a reversal by hunting through the record to ascertain whether his faith is well founded. Again, he says, admitting that the complaint does state a cause of action, there is a fatal variance between the allegations and the proof. Again we are left in doubt and uncertainty. The variance said to be so fatal is left to be imagined or sought out in a maze of testimony covering some forty or fifty pages of the printed case. Not one word is offered in the printed argument to put us on the trail of the "fatal variance," and we must decline to go scouting to find it.

Counsel further insist that there is no evidence that the road on which the bridge was situated was a public highway. One answer to this contention is that it is alleged in the complaint to have been on a public highway, and it is not denied. Defendant's counsel attempted to put this fact in issue, but, by an error much more fatal than the "variance" mentioned, he neglected to cover this allegation in his answer except in the manner now to be stated. The allegations of the answer in this respect are as follows: "The defendant, further answering the plaintiff's complaint, denies, on information and belief, that for a great number of years previous to the time alleged in the plaintiff's complaint, the injury therein complained of, it had laid out, maintained, and used as a highway the road described in the

Grimm vs. The Town of Washburn.

plaintiff's complaint. Defendant further denies, on infor-
mation and belief, for twenty years or more that it kept and
maintained several bridges as alleged in the plaintiff's com-
plaint, prior to the injury alleged therein, and especially the
one so indefinitely described in plaintiff's complaint." The
language of this denial is almost precisely the wording of
the complaint. A denial that the defendant had laid out,
used, and maintained the road in question "for a great num-
ber of years" raises no issue; no more does the denial that
the town had kept and maintained the bridges "for twenty
years or more." This denial would be perfectly consistent
with the fact that the town had kept and maintained the
bridges for nineteen years. No one could be convicted of
perjury who should swear to such a denial. The vice of this
pleading is that it is a negative pregnant, a form of pleading
which has uniformly been condemned by the courts. Bliss,
Code Pl. § 332. The question of the sufficiency of the denial
was raised at the trial, and an opportunity to amend was
offered to defendant, but declined. The ruling of the trial
court that the pleading was bad was unquestionably right.

The proof shows that the bridge upon which the plaintiff's
horses were injured had been in existence for a great many
years; that the town had expended money at different times
on the highway leading to it; that it was old, the stringers
were rotten, and that plaintiff's wagon broke through while
passing over it. Whether, under the circumstances, it was
prudent for the plaintiff's servant to attempt to pass over
with the load he had on the wagon, or not, was a question
for the jury, as was also the question of notice to the town.
Presumably, these questions were fairly submitted by the
court, as no exceptions are taken to the charge, and the
charge itself is not printed. The testimony that the bridge
had been built for some time; that it was in bad condition
about five years prior to the accident; that its timbers were
old and rotten; and that its rotten condition caused the ac-

cident,— were circumstances sufficient to take the case to the jury on the question of notice to the town. *Spearbracker v. Larrabee*, 64 Wis. 573; *Koenig v. Arcadia*, 75 Wis. 62; *Shaw v. Sun Prairie*, 74 Wis. 105. We see no reason for disturbing the verdict or reversing the ruling of the trial court.

*By the Court.*— The judgment of the circuit court is affirmed.