McHugh, Respondent, vs. Town of Minocqua, Appellant.

*February 1 — February 21, 1899.*

*Plats of land: Dedication of streets: Acceptance: Injury from defective sidewalk built by private individual: Notice of defects: Contributory negligence.*

1. On the recorded plat of an unincorporated village, at the easterly end of a street running a little north of east, a triangular piece of ground was left uninclosed, within the limits of the plat but adjoining a quarter-section line which was its northern boundary. All parallel streets were left open at their easterly ends, indicating an intention to have them connect with the streets of additions to be made on that side; and for that purpose the triangle in question would be necessary. *Held,* that the triangle was dedicated as part of the street.

McHugh vs. Town of Minocqua.

2. A resolution of the town board ordering such street to be opened up for traffic to its easterly end, followed by working of portions thereof, constituted an acceptance by the town of that street, including the triangle.

3. The presence, in a public street, of a sidewalk largely traveled by the public for some months before an accident thereon, rendered the town responsible for its defects, although it was originally constructed by a private individual and for private use.

4. Knowledge on the part of the proper authorities of the generally defective and rotten condition of a sidewalk does not charge them with notice of a specific defect alleged to have caused an injury, where such specific defect was of a different kind and in no way connected with the generally defective condition.

5. If, in this case, the defect causing plaintiff's injury was a part of or included in the generally defective condition of the sidewalk, it was a question for the jury whether, in view of his familiarity with such condition, he was not guilty of contributory negligence in failing to exercise greater precaution against injury thereby.

APPEAL from a judgment of the circuit court for Vilas county: CHAS. V. BARDEEN, Circuit Judge. *Reversed.*

The plaintiff was injured on April 19, 1895, upon a certain board walk within the limits of the unincorporated village of Minocqua. The north limit of the recorded plat of said

McHugh vs. Town of Minocqua.

village was a quarter-section line, which ran at an angle of 8° 55' with the east and west street and block lines. Along the northerly side of said plat was Front street, running east and west. One of the north and south streets was Chippewa street. The point of intersection of the center lines of Chippewa street and Front street would have been almost upon this quarter-section line,— distant perhaps two or three feet to the north and outside of it. The quarter-section line intersected the line of the north lot on the east side of Chippewa street (lot 2, block 4) at a point about 113 feet east of the east line of said street, thus leaving a triangle to the north of that lot, about twenty-five feet base on the extended east line of Chippewa street, and running back to a point about 113 feet east of it. The center line of Front street, which is shown upon said plat in accordance with law, does not extend eastward beyond the intersection of the center line of Chippewa street, and it appeared that there was no use, other than by this walk, made of the vacant ground north of said lot 2 for the purposes of a street. In 1890 the town board resolved that Front street be opened up to traffic from Oneida street, running east, to the end of the street. No work was ever done east of Chippewa street. On said lot 2, and flush with the north line thereof, was an hotel, about seventy feet deep, known as the Briggs House. Along the north line of that hotel was built by its proprietor, about four years before the accident, the board walk in question, for the purpose of access to the rear of said hotel and the stables and conveniences there situated. The land north of the quarter-section line was unoccupied government land. In the year 1894 a saloon was built some distance to the eastward and on this unoccupied government land, which was much resorted to, and the proprietor of that saloon built a board walk therefrom to connect with the walk in question. The place of injury was by the side of the hotel, and between thirty-five and sixty-three feet east of the east line of Chip-

pewa street. The walk at that place had originally been built of inch boards, and for a long time had been generally rotten and in bad condition, to the knowledge of the town authorities.

The plaintiff on the occasion in question, at 9 o'clock in the evening of a moonless night, passed down said sidewalk, with which he had been familiar for a long time, on his way to said saloon, giving no thought to the condition of the walk. Near the rear end of the hotel he stepped into a hole occasioned by the breaking out of an eight-inch board a space about ten inches long, which hole was unknown to him and had been there only a day or two, and received substantial injury, for which he brought suit. The court substantially directed a verdict for plaintiff, submitting only the question of damages. Judgment for plaintiff, from which defendant appeals.

For the appellant there was a brief by *D. E. Riordan*, attorney, and *John Barnes*, of counsel, and oral argument by *Mr. Barnes*.

*A. W. Shelton*, for the respondent.

DODGE, J. The errors assigned are: First, that the court erred in taking from the jury the question of the plaintiff's contributory negligence; second, the court erred in holding, as a matter of law, that the defendant town had notice of the defect which caused the injury; third, the court erred in holding, as a matter of law, that the accident occurred within the limits of a highway.

1. Logically, the third assignment should be considered first, as its decision in accordance with the contention of the defendant would be final of the case. A careful examination of the plat convinces us that the triangle left uninclosed on the north side of lot 2 in block 4 is thereby dedicated as a part of Front street. The extension of the north line of that street for some 200 feet beyond this point, the

noninclosure of the end of the street, and the fact that all of the other east and west streets are left open on the east, all indicate expectation on the part of the platter that additions were likely to be made on that side, and that streets in such additions would connect with the streets on this plat. For that purpose the triangle in question would be necessary. Being so dedicated, we think the fair construction of the resolution of the town board ordering Front street, amongst others, to be "opened up for traffic" for its full extent, followed by working of portions thereof, constitutes an acceptance by the town of that street, inclusive of this triangle. The very slightest application of geometrical or trigonometrical computation to the known angles and distances establishes that at the point of the injury, from thirty-five to sixty-three feet east of Chippewa street, the northerly line of this triangle was more than eight feet distant from the north line of the lot, so that the entire sidewalk was within the triangle, and therefore within the street. If the *locus in quo* was a public street, the presence there of a walk, which was largely traveled by the public for some months before the accident, imposes upon the town the usual responsibility for its defects, notwithstanding it was originally constructed by a private individual and for private use. *Luck v. Ripon*, 52 Wis. 196, 199. The circuit court was right in holding the place of the accident to be within the street.

2. The first and second assignments of error mingle with each other, and may well be considered together. There is evidence establishing a generally defective and rotten condition of the sidewalk, of which condition the town officers had knowledge. There is also evidence that the specific defect which caused the injury was the breaking out of a portion of a single board. The evidence, however, is not at all conclusive as to whether this specific defect was in any way connected with the generally defective condition. While it

McHugh vs. Town of Minocqua.

is undoubtedly the law that if the defect causing the injury is a part of, or included in, the generally defective condition of a walk, such specific defect need not be brought to the notice of the town, yet it is also true that there may be specific defects, causing injury, not so connected with the general condition that the town would be chargeable with notice thereof from its general knowledge. *Sullivan v. Oshkosh*, 55 Wis. 511; *Spearbracker v. Larrabee*, 64 Wis. 573; *Shaw v. Sun Prairie*, 74 Wis. 105; *Bergevin v. Chippewa Falls*, 82 Wis. 505.

In substantially all of these cases the defective condition consisted in rottenness and resulting looseness of boards, and the specific defect was that a single board became loose because of rottenness,— exactly in line with the general condition known to the public officers, and which would have been prevented had the general condition been properly treated. In *Bergevin v. Chippewa Falls*, on the other hand, the sidewalk was known to be defective in the vicinity of the injury, but the known defects differed in kind from the specific defect causing the injury. The court held that knowledge of the one kind of defects did not charge the defendant with notice, in law, of the others.

In the case at bar we only know that a part of a board was broken out,— whether by reason of rottenness or other fault of the kind characterizing the walk in general, or by accident or design, not inconsistent with its entire soundness and sufficiency, we are not informed. Indeed, so far as appears by the evidence, this specific defect might have existed at the time of the accident if the town officers had two days before gone over the entire walk with due care and replaced every rotten piece with a sound one. If this defect were of the latter sort, it having existed for only a day or two, no presumption in law of notice to the board would result. It therefore should have been submitted to the jury to say whether the defect causing the injury was a

McHugh vs. Town of Minocqua.

part of, or due to, the generally defective condition of the walk. If it was not, the question should have been submitted to the jury whether the town officers had notice, either actual or constructive, of its existence.

If, however, the specific defect causing the injury was so included within the generally defective and rotten condition of the walk that it could be said that the undisputed evidence established notice thereof to the town officers, we are of opinion that the question of the plaintiff's contributory negligence should have been submitted to the jury. He is shown to have been a marshal or policeman until within a few days before the accident, and for six months prior thereto. His duties during all of that period had required frequent travel over this walk. He had noticed holes therein, and he was entirely familiar therewith. The general condition shown to exist was such as could not have escaped the notice of one so familiar with it, and, if that general condition was such as to justify the expectation of the specific defect in question, he was chargeable, as well as the town, with the duty of anticipating its possible existence; and ordinary care on his part would require him to exercise precaution against being injured thereby. *Grimm v. Washburn,* 100 Wis. 229. His own testimony shows conduct at least justifying two opinions as to whether it was consistent with ordinary care. He testifies that, if his mind had been on the subject, he could have seen such a hole by looking out for it, but that he never gave it a thought, though nothing occurred to divert his attention. It appears to us, therefore, that upon the only theory upon which it could be said, as matter of law, that the town had notice of the defect, the plaintiff's conduct was such that the question of his contributory negligence should have been submitted to the jury.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.

BARDEEN, J., took no part.