Madison, Respondent, vs. City of Antigo, Appellant.

*April 12—April 29, 1913.*

*Municipal corporations: Injury from defective sidewalk: Notice of general bad condition: Contributory negligence: Questions for jury: Husband as witness for wife: Agency: Excessive damages.*

1. Where a sidewalk is so decayed that a plank is liable to break at any time and that condition is observable by reasonable inspection, a city cannot, when a plank does break, escape liability for an injury caused thereby by saying that it had no notice of that particular defect. Actionable negligence is sufficiently shown in such a case if the jury can say under the evidence the break was due to the general bad condition of the walk.

2. Plaintiff, who was injured by stepping into a hole in a sidewalk, having testified that her attention was diverted at the time by a passing team of horses, the question of contributory negligence was one for the jury.

3. Where a married woman, injured by reason of a defect in a sidewalk, had requested her husband to investigate the condition of the walk and file a claim for her against the city, he was so far her agent as to be a competent witness in her behalf on those points.

4. Where a woman three months advanced in pregnancy fell upon a defective sidewalk and a miscarriage and other ill effects resulted, and there was evidence that she had suffered permanent injury, an award of $2,500 was not excessive.

Appeal from a judgment of the circuit court for Langlade county: John Goodland, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *R. C. Smelker,* attorney, and *Geo. W. Latta,* of counsel, and oral argument by *Mr. Latta.*

For the respondent there was a brief by *Henry Hay,* attorney, and *Goodrick & Goodrick,* of counsel, and oral argument by *A. B. Goodrick.*

Barnes, J. This action was brought to recover damages for an injury sustained from a fall alleged to be due to a defect in a sidewalk. The defect claimed consisted of a broken

plank. The jury found (1) that the walk was defective; (2) that the defect existed for such a length of time that the defendant in the exercise of ordinary care should have discovered it and remedied it; (3) that the defect was the proximate cause of the injury; (4) that plaintiff was not guilty of any want of ordinary care which contributed proximately to her injury; (5) that plaintiff was damaged in the sum of $2,500.

The appellant insists that the evidence is insufficient to support the first, second, and fourth findings above referred to; that it was error to allow the plaintiff's husband to testify to the condition of the walk; that the court erred in answering a question in the special verdict which asked whether the plaintiff sustained injuries from her fall; and that the damages are excessive.

1. There is ample evidence in the record to support the finding that the walk was in a general condition of decrepitude and that there was a broken plank therein. The witnesses Armstrong, Zander, Treat, and the plaintiff's husband so testified. Counsel no doubt honestly believe that the defendant's witnesses were more truthful and therefore more credible than those produced by the plaintiff. Having failed to convince the jury of that fact and having further failed to convince the trial judge that in the interest of justice a new trial should be granted, this court must under the established rules of law allow the finding to stand, inasmuch as there is credible evidence to support it.

2. It is argued that if it be conceded that the walk was defective there was no evidence to charge the defendant with actual or constructive notice of the defect. There was evidence tending to show that the walk was old, decayed, and rotten; that the stringers were rotten, and that the middle one was considerably lower than the other two, and that an occasional new plank was put in to replace one that had become broken. The evidence was sufficient to warrant the

jury in finding that the walk was so decayed that a plank was liable to break at any time. Where a walk is in such a condition and that condition is observable by reasonable inspection, a city cannot escape liability when a board does break by saying it had no notice of that particular defect. If the jury can say under the evidence that the break was due to the general bad condition of the walk, that is sufficient. *McHugh v. Minocqua,* 102 Wis. 291, 296, 78 N. W. 478; *Green v. Nebagamain,* 113 Wis. 508, 511, 89 N. W. 520; *Mauch v. Hartford,* 112 Wis. 40, 87 N. W. 816; *Grimm v. Washburn,* 100 Wis. 229, 75 N. W. 984; *Spearbracker v. Larrabee,* 64 Wis. 573, 25 N. W. 555; *Duncan v. Grand Rapids,* 121 Wis. 626, 99 N. W. 317.

3. It is further argued that the court should have held that the plaintiff was guilty of contributory negligence as a matter of law because she knew that the walk was in bad condition and there was nothing to prevent her from seeing the broken plank. She testified that when she reached the place where she was injured she was looking at a team of horses that was passing by, and that while her attention was thus diverted she stepped into the hole and fell. It is urged that there must be something more attractive than a team to divert attention in order to excuse failure to observe a defect in a walk. Clearly under the evidence the plaintiff's contributory negligence was a jury question. *Zoellner v. Fond du Lac,* 147 Wis. 300, 305, 133 N. W. 35; *Duncan v. Grand Rapids, supra.*

4. There was evidence from which the jury might infer that the plaintiff requested her husband to investigate the condition of the walk where she was injured and file a claim for her against the city. This was sufficient proof of agency to make the husband a competent witness on these points. *Smalley v. Appleton,* 75 Wis. 18, 43 N. W. 826.

5. The first question in the special verdict was: "Did the plaintiff receive physical injuries at the time and place de-

scribed in the complaint by reason of a fall upon the sidewalk?" The court answered this question "Yes." It is said that error was thereby committed. We have been unable to find any evidence in the record to negative the claim that she did fall and did receive some injury. There was no question for the jury to pass upon in reference to this matter. There was plenty of evidence to show that plaintiff fell and was injured.

6. The appellant claims that the damages awarded are excessive. The plaintiff testified that she was three months advanced in pregnancy at the time she fell and that the fall produced a miscarriage. Physicians corroborated this evidence. Plaintiff further testified to a large category of ill effects produced by the fall, and she is to some considerable extent corroborated by her physicians in reference to these claims. Two of the physicians testified that plaintiff suffered permanent injury from her fall. The trial court did not see fit to disturb the verdict on the question of damages, and we cannot say that it is beyond the bounds of reason, assuming the testimony most favorable to the plaintiff in reference to the character of the injuries to be true.

*By the Court.*—Judgment affirmed.