ROBINSON, Respondent, vs. CITY OF OCONTO, Appellant.

*May 1—May 31, 1913.*

*Municipal corporations: Injury from defective sidewalk: Defenses: Construction of walk according to plan: Authority to adopt plan: Statutes construed: Contributory negligence: Forgetfulness of known defect: Questions for jury: Instructions to jury: Trial: Recalling witness after argument begun: Discretion.*

[1. Whether, under sec. 1339, Stats., a city is liable for damage resulting from a defect in a highway which was due to building it in accordance with a defective plan, not determined.]

2. Provisions of the city charter of Oconto (secs. 1, 3, subch. 8, ch. 56, Laws of 1882) empowering the street commissioners of a ward "to order and contract for the making, grading, repairing, and cleaning of streets," etc., therein, do not authorize such commissioners to adopt plans for building sidewalks or to change the established grade therefor.

3. The action of street commissioners in authorizing one lotowner to build his sidewalk above the established grade does not constitute the adoption of a plan within the rule of the cases holding a city exempt from liability for defective plans.

4. An abrupt drop of eight inches in a sidewalk near the middle of a block renders the walk so obviously dangerous that, in an action for injuries resulting from such defect, the fact that the walk was built according to a plan would be no defense.

5. Where plaintiff knew that there was an abrupt drop of eight inches in a sidewalk, but forgot about the danger and was injured in stepping from the higher to the lower level at a time when it was dark and snowing hard and his mind was occupied

with something else, the question as to his contributory negligence was one for the jury.

6. An instruction in such case that the burden of proof was upon the defendant to show that plaintiff was guilty of contributory negligence, was not reasonably susceptible of the construction that the burden was on defendant to show inexcusable forgetfulness on plaintiff's part.

7. Mere failure to make the charge to the jury as comprehensive as it might have been will not be held error, where there was no specific request for additional instructions.

8. Permitting a party to be recalled, after the argument to the jury was begun, for further examination upon one point was a matter within the discretion of the trial court.

APPEAL from a judgment of the circuit court for Oconto county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *P. H. Lynch,* attorney, and *V. J. O'Kelliher,* of counsel, and oral argument by *Mr. O'Kelliher.*

*Allan V. Classon,* for the respondent.

BARNES, J. This action was brought to recover damages for an injury received from a fall on an alleged defective sidewalk. The plaintiff recovered judgment and defendant appeals.

The appellant contends (1) that it was guilty of no actionable negligence; (2) that on the undisputed evidence the plaintiff was guilty of contributory negligence; (3) that the court erred in ruling on the admission of evidence; (4) that the court erred in charging the jury; and (5) that the damages are excessive.

1. It is urged that a city may adopt a plan for public improvements and that it is not liable for damages resulting from a defect in such plan, unless it is so obviously dangerous that a court can say as a matter of law that it was negligence on the part of the city to adopt it, and it is argued that the facts established in this case bring it within the principle

of law stated and that it cannot be said as a matter of law that the city was negligent in adopting the plan which it did in the instant case.

This court has not yet decided whether a city would be liable for a defect in a highway built in accordance with a defective plan. There are authorities which so hold. Whether the general rule relied on by appellant should be held to apply to highways in this state is at least doubtful, because of sec. 1339, Stats., which gives a right of action for any damages caused by the *"insufficiency"* of a highway. The trial judge was of the opinion that this statute should not be so interpreted as to exclude from its operation cases where damages were sustained because of an *"insufficiency"* in a highway which was due to building it in accordance with a defective plan. We do not think the question is involved in this case. We are unable to see how the evidence establishes the adoption of any plan as that term is understood.

The situation was about as follows: Dagen apparently occupied the corner lot in a block, McGovern the next lot to the east, and Crawford the lot immediately east of McGovern's. Dagen built a walk eight inches higher than the grade established by the city engineer. When McGovern came to renew his walk, acting under instructions from the street commissioners he built on a line with Dagen's walk. This left a drop of eight inches between the McGovern and Crawford walks where they abutted, and it was this alleged defect that caused the injury. The testimony in reference to a plan was simply to the effect that the street commissioners of the ward in which the walk was located met and authorized McGovern to build his walk above the established grade, on a line with the Dagen walk.

In the first place we do not think the provisions of the city charter of *Oconto* which are referred to by counsel author-

ize the street commissioners of a ward to adopt plans for building sidewalks or to change the established grade therefor. In the next place the cases which exempt cities from liability for defective plans deal with some general scheme adopted for doing public work and not with the matter of building a walk in front of a single lot. In the next place the negligence of the city consisted largely, if not wholly, in not either requiring all of the walks in the block to be of the same height or in not making a gradual incline from the McGovern walk to the Crawford walk. The so-called plan fixed the height of the McGovern walk only, and, considered separate and apart from the walks on either side, it was not defective. If there was a plan and it was defective in that it did not provide for raising the other walks in the block and the result was to leave a drop or pitfall in or near the middle of the block, it would seem that the walk was obviously dangerous, and if such was the case counsel concede that the fact 'that the walk was built according to a plan would be no defense to the action.

2. The second contention is that the plaintiff knew of the defective condition of the walk and should have been on his guard and have avoided the accident. The plaintiff testified that it was quite dark when the accident happened; that it was snowing quite hard, and that his mind was occupied with something else, and that he forgot about the danger when he stepped from the higher to the lower level. Under the following cases the question of contributory negligence was one for the jury: *Duncan v. Grand Rapids,* 121 Wis. 626, 99 N. W. 317; *Zoellner v. Fond du Lac,* 147 Wis. 300, 305, 133 N. W. 35; and *Madison v. Antigo,* 153 Wis. 448, 141 N. W. 287.

3. After the parties rested and the argument was begun, the court permitted the plaintiff to be recalled for further

examination on a point bearing on his contributory negligence. Error' is assigned on the ruling. The matter rested in the discretion of the court. It was a very proper exercise of discretion to allow the witness to be recalled.

4. The court instructed the jury that the burden of proof was upon the defendant to show that plaintiff was guilty of contributory negligence. It is suggested that the jury might have inferred from the instruction that the burden was on the defendant to show inexcusable forgetfulness on plaintiff's part, and that under *Collins v. Janesville,* 111 Wis. 348, 356, 87 N. W. 241, 1087, and *Lyon v. Grand Rapids,* 121 Wis. 609, 99 N. W. 311, the burden was on the plaintiff to show some reasonable excuse for not remembering the defect. We do not think the instruction was reasonably susceptible of the construction suggested. It was correct as far as it went. No additional instruction was requested, and in the absence of a specific request error cannot be assigned on a mere failure to make the charge as comprehensive as it might have been.

5. The jury returned a verdict for $2,500 damages, and it is argued that the sum awarded is excessive. The injuries received were of a serious character, and the amount fixed was fairly within the province of the jury.

*By the Court.*—Judgment affirmed.